■ In the Matter of JAMIE EE. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAIL FF., Appellant. [— NYS2d —] —Spain, J. Appeal from an order of the Family Court of Ulster

County (Mizel, J.), entered March 21, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the placement of respondent's children with petitioner for a period of one year.

In late 1991, two of respondent's children, Anthony (born in 1986) and Jamie (born in 1983), were adjudicated neglected and placed with petitioner in the same foster home; extensions of said placement occurred annually. During the summer of 1994, Jamie's biological father petitioned for custody; petitioner opposed the petition and sought extension of the placement of both children until December 19, 1995. Upon completion of the custody trial Family Court reserved decision, and after a subsequent trial regarding petitioner's request for an extension of placement Family Court, by order dated March 21, 1995, extended the placement until December 19, 1995 with Jamie's placement subject to the court's decision regarding custody. Respondent now appeals from the order of extension. Significantly, after the notice of appeal was filed Family Court awarded custody of Jamie to her biological father and, in December 1995, an order on consent was made returning Anthony to respondent's care as of December 8, 1995 with continued supervision of respondent until June 19, 1996.

We dismiss the instant appeal as moot. Respondent does not challenge the original determination of neglect in the instant appeal but, rather, directs her appeal only at the now-expired March 1995 determination extending placement. Respondent's appeal is therefore moot and is hereby dismissed (see, Matter of Randy SS., 226 AD2d 799; Matter of Tabitha LL., 216 AD2d 651, affd 87 NY2d 1009). Furthermore, respondent's contention that appellate review is warranted because the extension "represents a finding of continued neglect" is misplaced (see generally, Matter of Matthew C., 227 AD2d 679, 680-681). The March 1995 court order is not a finding of continued neglect but, rather, is an order reflecting Family Court's determination that extension of the placement is in the best interests of the children (see, Family Ct Act § 1055 [b] [iv] [B]).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.