■ In the Matter of LEO UU. and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL

Services, Respondent; Leonard UU., Appellant. [732 NYS2d 480] —Cardona, P. J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered July 28, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of two boys, Leo (born in 1984) and Manuel (born in 1986). In November 1999, petitioner filed a neglect petition against respondent for improper supervision and guardianship of the children. Petitioner alleged, *inter alia*, that Leo had been illegally absent from school for 23 days out of the first 44 days of the 1999-2000 school year, that both children roamed the streets without restriction and supervision because of their 10:00 P.M. curfew, that both boys were picked up by the police one night at 11:15 P.M. and found to be under the influence of marihuana, and that Leo had been arrested for petit larceny and criminal possession of stolen property.

At a fact-finding hearing, respondent's attorney attempted to enter an oral admission of neglect on behalf of respondent, however, the process was not concluded since, based upon the colloquy between Family Court and respondent, it was not clear that respondent was admitting that he neglected his children. At the adjourned date of the fact-finding hearing, respondent submitted a written admission of and consent to a finding of neglect prepared by his attorney. Respondent also executed a form acknowledging the potential consequences of a fact-finding order of neglect (*see*, Family Ct Act § 1051 [f]). After inquiry, the court accepted respondent's admission and consent to a finding of neglect. After a dispositional hearing, Family Court entered an order finding the children to be neglected and directing, *inter alia*, placement in petitioner's custody for a period of 12 months. Respondent appeals.

Respondent argues that his admissions were made without a full understanding of what he was admitting to and were insufficient to support Family Court's findings of neglect within the statutory definition (*see*, Family Ct Act § 1012 [f] [i] [A], [B]). We disagree. Although respondent demonstrated some difficulty in oral expression, the record establishes his ability to understand and read the English language. The record further reveals that respondent, with the benefit of counsel, freely and knowingly consented to a finding of neglect through the execution of the written admission and the written notice of the potential consequences of a fact-finding order of neglect (*see*, Family Ct Act § 1051 [f]). Moreover, he acknowledged that he was acting voluntarily. Furthermore, his admission to the vari-

ous allegations of the petition, including the fact that the children were less than 18 years of age whose physical, mental or emotional condition were in imminent danger of becoming impaired as a result of his failure to exercise a minimum degree of care in providing proper supervision and guardianship, were sufficient to meet the statutory definition of neglect (*see,* Family Ct Act § 1012 [f] [i] [B]).

Next, respondent contends that he was deprived of the effective assistance of counsel. We have noted that "[t]o prevail on such a claim respondent must demonstrate that [he] was deprived of * * * meaningful representation and that [he] suffered actual prejudice as the result of the claimed deficiencies" (*Matter of Matthew C.,* 227 AD2d 679, 682-683). Respondent asserts that "there was no strategic explanation" for counsel's decision to allow respondent to admit to the neglect of his children. Under the circumstances here, we do not find this argument persuasive (*see, Matter of James HH.,* 234 AD2d 783, 785, *lv denied* 89 NY2d 812). Furthermore, we fail to see how respondent was prejudiced by his attorney's late submissions of his witness list and exhibits since these late filings were excused by Family Court. Finally, having reviewed the record as a whole, we find no merit to respondent's claim that the Law Guardian rendered ineffective assistance to the children.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.