■ In the Matter of DARIN J., Respondent, v TYLENA S., Appellant. (And Another Related Proceeding.) In the Matter of KURT J. and Another, Children Alleged to be Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN K., Appellant. (And Another Related Proceeding.) [748 NYS2d 179] —Spain, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered July 13, 2000, which, inter alia, granted petitioner's application, in four

proceedings pursuant to Family Ct Act articles 6 and 10, to adjudicate respondent Tylena S.'s children to be neglected by respondent John K.

In February 2000, petitioner Darin J. (hereinafter the father) had custody of his two minor children, a six-year-old girl and an eight-year-old boy, while respondent Tylena S. (hereinafter the mother)—who resided with her boyfriend, respondent John K. (hereinafter respondent)—had visitation rights. Following an incident in which respondent was reported to have shown the children pornographic magazine pictures while he was under the influence of alcohol, the father filed a petition seeking modification of the mother's prior order of visitation and an order of protection prohibiting respondent from having contact with the children. Two weeks later, petitioner Chenango County Department of Social Services filed two petitions, one against the mother and the second against respondent, seeking to have the children adjudicated to be neglected based on this same reported incident. Thereafter, the mother filed a petition against the father alleging that he had violated the order of visitation.

On May 23, 2000, a hearing was held on all four petitions at which the father appeared pro se and the mother and respondent were each represented by the same attorney. At the hearing, Family Court heard the testimony of three witnesses—a child protective worker, a State Police investigator, and a certified social worker who filed a report after conducting a court-ordered family assessment evaluation—each of whom had interviewed the children and testified to what the children reported to them. Over the objections of the attorney for the mother and respondent, written statements given to the State Police by the children were received into evidence, although the trooper who recorded the written statement of the son was not called as a witness. The social worker's 15-page family assessment report was also received in evidence over the same attorney's objection on hearsay grounds.

The father and the mother also testified. While present at most of the hearing, respondent did not testify, although his statement to the State Police—received in evidence without objection—stated that the children found the magazines and that he took them away from them and that they lied when they said he showed them pictures in the magazines. The mother's testimony was consistent with the statement given by respondent. A *Lincoln* hearing was held in which the children were questioned about the pictures and about respondent's behavior while in their presence.

Prior to the conclusion of the hearing, Family Court dismissed the neglect petition against the mother. Thereafter, in a written decision, the court (1) dismissed the violation petition filed by the mother based upon insufficiency of proof, (2) sustained the neglect petition against respondent, and (3) modified the visitation order, citing a change in circumstances, by directing that the mother not permit the children to be in the presence of respondent during visitation. After a dispositional hearing, Family Court, among other things, issued an order of protection directing that respondent have no contact with the children until the youngest child turned 18. Both the mother and respondent have appealed.

Separate appellate counsel for the mother and respondent now seek to be relieved of their assignments on the ground that no nonfrivolous appealable issues exist. The Law Guardian did not file a notice of appeal on behalf of the children and supports Family Court's determination. Upon our review of the record and all of the submissions, we find several potentially nonfrivolous issues which are clearly arguable on their merits (*see Anders v California*, 386 US 738, 744; *People v Stokes*, 95 NY2d 633). They include, but are not limited to, questions related to the sufficiency of the proof pertaining to the mother's violation petition and the sufficiency of the evidence supporting the conclusion that respondent's conduct constituted neglect, as well as whether that conduct warranted each of the conditions of the order of protection (*see Matter of Bishop v Livingston*, 288 AD2d 703; *Matter of Andrew MM.*, 267 AD2d 515, 515-516; *Matter of Donahue v Buisch*, 258 AD2d 826; *see also People v Stokes, supra*). Accordingly, without expressing any opinion as to the ultimate merits of the potential issues, the requests of counsel to be relieved of their assignments should be granted and new appellate counsel will be assigned to address any nonfrivolous issues which the record may disclose.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is withheld, applications of counsel for respondent Tylena S. and respondent John K. to be relieved of their assignments granted and new counsel to be assigned.