◼ In the Matter of NIKITA A. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY B., Appellant. [790 NYS2d 330]—

Rose, J. Appeals from three orders of the Family Court of Clinton County (Lawliss, J.), entered March 18, 2004, which granted petitioner's application, in a proceeding pursuant to

Family Ct Act article 10, to adjudicate respondent's two children and one grandchild to be neglected.

Petitioner commenced this neglect proceeding based on allegations that respondent's use of illegal drugs detrimentally affected three children in her household, namely her daughters, Nikita (born in 1986) and Jenna (born in 2000), and her granddaughter, Aunna (born to Nikita in 2003). Following a fact-finding hearing, Family Court determined that respondent had neglected the three children in her care. Respondent appeals.

Based upon our review of the record, and deferring to Family Court's resolution of credibility issues (see Matter of Senator NN. [Donna NN.], 11 AD3d 771, 772 [2004]; Matter of Antonia QQ. [Lance RR.], 1 AD3d 841, 842 [2003]), we conclude that Family Court's determination is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Antonia QQ. [Lance RR.], supra at 842).

At the fact-finding hearing, the testimony of petitioner's witnesses established that respondent had repeatedly used marihuana and cocaine, in one instance in the presence of Nikita, who was then 13 years old, and violated her probation on a conviction for unlawfully dealing with a child by testing positive for morphine and amphetamine. Notably, the proof of respondent's repeated misuse of drugs such as marihuana and cocaine alone constitutes prima facie evidence of neglect (see Matter of Camara R. [Robert S.], 263 AD2d 710, 712 [1999]). She also failed to obtain ordered medical attention for Jenna and, while she was incarcerated, left Jenna and Aunna in Nikita's care despite Nikita's own serious substance abuse problems and her conceded irresponsibility. Jenna, then only three years old, witnessed Nikita smoking crack cocaine, provided a detailed description of the drug and how it was smoked, and knew that Nikita kept her drugs in the top drawer in her bedroom. Family Court found respondent's contrary testimony concerning the allegations against her to be "utterly unreliable and incredible." We agree that a preponderance of the evidence supports Family Court's findings of respondent's neglect and harm or potential harm to these three children (see e.g. Matter of Caleb C. [Erin D.], 11 AD3d 737, 737-738 [2004]).

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.