■ In the Matter of CADEJAH AA. and Another, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALBERTA CC. et al., Appellants. (And Other Related Proceedings.) [809 NYS2d 598]—

Spain, J. Appeals from four orders of the Family Court of Otsego County (Burns, J.), entered April 19, 2004, May 12, 2004, June 4, 2004 and October 19, 2004, which, inter alia, granted petitioner's application, in proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

The children in these proceedings are the daughter (born in 1987) and the son (born in 2000) of respondent Alberta CC. (hereinafter the mother). Respondent Tyson BB. (hereinafter the father) is married to the mother, is the son's biological father and the daughter's stepfather. In September 2003, an order of protection was issued requiring the father to stay away from the teenage daughter and the family's home based on the mother's complaint that the father was voyeuring the daughter through a hole in her bedroom wall. Petitioner filed a petition against both respondents in October 2003 alleging neglect of both children based on admissions by the father that he had looked at the daughter while she was taking a shower and had watched her through the hole in her bedroom wall, and allegations that the mother had violated the order of protection and had refused to make—or agree to—alternative living arrangements for the daughter.

At a hearing held in April 2004, Family Court accepted the father's admission that he had once viewed the daughter through a hole he made in her bedroom wall, claiming that it was only to see if she was using drugs but admitting it was wrong, and a serious invasion of the teenager's privacy. Based upon that admission, the court issued an order dated May 12,

2004 with a finding of neglect as to both children and placing the daughter with petitioner for placement outside the home. Thereafter, a fact-finding hearing focusing on the allegations against the mother was held and, prior to the conclusion of the hearing, the mother admitted to neglect based on her violation of the order of protection in allowing the father on three separate occasions to be present at the family's home. Family Court accepted the mother's admission and issued an order with a finding of neglect based upon inadequate guardianship and placing the daughter in the custody of petitioner for one year. Both the mother and father appeal.

Turning first to the mother's appeal from the order of neglect against her,[1] our review of the record reveals that her admission to the allegations in the amended petition was knowingly and voluntarily given and we find no support for her argument— contained in the brief submitted by the mother's counsel and in the mother's pro se submission—that she was coerced into making the admission (*see Matter of Leo UU.*, 288 AD2d 711, 712-713 [2001], *lv denied* 97 NY2d 609 [2002]). The mother admitted to allowing the father to visit the home despite her knowledge that it was wrong and, further, that on at least one occasion the daughter was present when the father was visiting. She also acknowledged on the record, among other things, that she had ample time to discuss the implications of making an admission with her attorney, she understood the consequences of making the admission, she made the admission voluntarily and she was satisfied with the representation given to her by her attorney. Notably, on appeal the mother has not disputed the fact that she allowed the father to visit her home in violation of the order of protection and we find her admission to that conduct sufficient to sustain Family Court's neglect finding (*see* Family Ct Act § 1012 [f] [i] [b]; *Matter of Maryann NN.*, 244 AD2d 785, 787-788 [1997]; *cf. Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]). We are unpersuaded by the mother's additional contentions that Family Court was biased or that she did not receive the effective assistance of counsel.

The mother also appeals from an April 2004 order made on consent which modified the terms of her visitation with the daughter, the May 2004 order finding neglect against the father and a June 2004 temporary order of protection prohibiting the mother from telephoning and harassing the daughter's foster family. The mother's appeal from the June 2004 order of protec-

---

**1.** Although the mother made an oral waiver of her right to appeal, we exercise our inherent authority to review any matter involving the welfare of a child in a Family Court proceeding.

tion is moot, inasmuch as that order has expired (*see Matter of Senator NN.*, 21 AD3d 1187, 1188 [2005]). We have considered her contentions with regard to the April 2004 consent order—which actually expanded the mother's visitation rights—and find them unpersuasive. We also reject the mother's argument on appeal from the May 2004 order, finding no support for her contention that her consent was necessary to the disposition entered upon the determination of neglect by the father.[2]

On the father's appeal from the May 2004 order, counsel seeks to be relieved of his assignment as appellate counsel on the ground that no nonfrivolous appealable issues exist (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]). Upon our review of the record and all submissions, we disagree, finding a least one potentially nonfrivolous issue on which an appeal could be based. The May 2004 neglect order adjudged that both children had been neglected by the father. In seeking relief of his assignment, counsel relies on the fact that the neglect was based on an admission, but fails to address the sufficiency of the evidence supporting the determination that, by the conduct admitted to, the father derivatively neglected his four-year-old son—an issue we find of arguable merit. Additionally, the efficacy of an appeal waiver in a Family Court proceeding is a potential, nonfrivolous issue which could be addressed on appeal. Accordingly, new counsel should be assigned to address any nonfrivolous issues the record may reveal (*see Matter of Darin J. v Tylena S.*, 298 AD2d 630, 632 [2002]; *Matter of Bishop v Livingston*, 288 AD2d 703, 704-705 [2001]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the orders entered April 19, 2004 and October 19, 2004 are affirmed, without costs. Ordered that the appeal from the order entered June 4, 2004 is dismissed, as moot, without costs. Ordered that the decision is withheld with regard to the appeal by respondent Tyson BB. from the order entered May 12, 2004, application to be relieved of assignment granted and new counsel to be assigned.

---

**2.** The daughter, now 18 years of age, has submitted a pro se brief alleging that her mother and stepfather were treated unfairly and challenging the position of the appellate Law Guardian who supports an affirmance of the orders appealed from. The daughter's appellate Law Guardian has informed this Court that he is aware of the daughter's position and submission, and he has not changed his position that the Family Court orders presently on appeal should be affirmed.