■ In the Matter of JACK R.G., Appellant, v PAULA E.G., Respondent. [825 NYS2d 651]—Appeal from an order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered December 14, 2005 in a proceeding pursuant to Family Court Act article 6. The order awarded petitioner supervised visitation with his daughter.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.

■ In the Matter of AARON B. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUDY B., Appellant. [825 NYS2d 650]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered September 30, 2005 in a proceeding pursuant to Family Court Act article 10. The order denied respondent's motion to vacate an order entered June 17, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order denying her motion to vacate an order of fact-finding and disposition (see Family Ct Act § 1061). As Family Court properly determined, the colloquy establishes the voluntariness of the admission (see Matter of Cadejah AA., 25 AD3d 1027, 1028 [2006], lv denied 7 NY3d 705 [2006]; Matter of Leo UU., 288 AD2d 711, 712 [2001], lv denied 97 NY2d 609 [2002]), and the admission is sufficient to support the court's finding of neglect (see Cadejah AA., 25 AD3d at 1028; Leo UU., 288 AD2d at 712-713; Matter of Nasir H., 251 AD2d 1010 [1998], lv denied 92 NY2d 809 [1998]). We thus conclude that respondent failed to establish the requisite good cause to vacate the order of fact-finding and disposition (see Family Ct Act § 1061; Matter of Desiree L., 28 AD3d 484 [2006]; Matter of Lisa D., 309 AD2d 1146, 1147 [2003]; Matter of Melissa FF., 285 AD2d 682 [2001]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.