In the Matter of JAYSON G. and Another, Infants. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CANDI G., Appellant, et al., Respondent. [838 NYS2d 305]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered September 14, 2006 in a proceeding pursuant to Family Court Act article 10. The order denied the motion of respondent Candi G. for leave to renew.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother contends that Family Court erred in refusing to modify its order to the extent that the court determined that she had abused and neglected her two children. The mother admitted at the fact-finding hearing that she had subjected the older child to needless medical procedures, which created a substantial risk of death to the child, serious or protracted disfigurement of the child, or protracted impairment of the child's physical or emotional health. The court placed both children in the custody of petitioner for a period of up to one year. Approximately 18 months after her admission, and after proceedings to terminate respondents' parental rights had been commenced, the mother made the instant motion seeking to vacate her admission, reopen the matter, and proceed to trial on the petitions.

Even assuming, arguendo, that the postdispositional motion of the mother was properly before the court, we reject her contention that her admission was not knowingly made. The court properly advised her of the notice requirements set forth in section 1051 (f) of the Family Court Act. The record

establishes that the mother understood the proceedings and made the admission after consulting with her attorney, and her admission allocution does not support her contention that she admitted abusing and neglecting her children based on the representation of a social worker that, if she did so, she would obtain custody of her children within a few months (*see generally Matter of Cadejah AA.*, 25 AD3d 1027, 1028 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Leo UU.*, 288 AD2d 711, 712 [2001], *lv denied* 97 NY2d 609 [2002]). We conclude that the mother has failed to demonstrate good cause for vacating the court's order (*see Matter of Cadejah AA.*, 34 AD3d 1141, 1141-1142 [2006]; *Matter of Desiree L.*, 28 AD3d 484 [2006]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.