■ In the Matter of Destiny HH. and Others, Neglected Children. Clinton County Department of Social Services, Respondent; Amber HH. et al., Appellants. (And Another Related Proceeding.) [880 NYS2d 371]—Kane, J. Appeals (1) from five orders of the Family Court of Clinton County (Lawliss, J.), entered August 1, 2008, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to extend the placement of the subject children, and (2) from two orders of protection issued thereon.

Respondent Amber HH. is the mother of five children (born in 1999, 2001, 2003, 2006 and 2008). Respondent Rolland HH., her husband, is the father of the four youngest children. In November 2007, Family Court adjudicated the four oldest children to be neglected by both respondents and placed the children with petitioner. In February 2008, the court extended placement and approved a permanency goal of reunification with Amber. When the youngest child was born in May 2008, the court ordered him removed from Amber's care and placed him with petitioner. In August 2008, after a permanency hearing, the court accepted the recommendations in petitioner's permanency hearing reports to change the permanency goals for

the four oldest children to free them for adoption. For the youngest child, reunification with Amber remained the goal and the court continued placement with petitioner. The court also issued orders of protection against both respondents in favor of the children. Respondents appeal.

The appeals should be dismissed. The orders of protection expired by their own terms in February 2009, rendering any appeal from them moot (*see Matter of Cadejah AA.*, 25 AD3d 1027, 1028-1029 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Prehna v Prehna*, 24 AD3d 917, 917 [2005]; *Matter of Noor v Noor*, 15 AD3d 788, 788 [2005]). In January 2009 and March 2009, Family Court issued orders extending the placement of the youngest child, rendering moot the superceded August 2008 order concerning that child (*see Matter of Chelsea M.*, 61 AD3d 1030, 1032 [2009]; *Matter of Blaize F.*, 55 AD3d 974, 975 [2008]; *see also Matter of Senator NN.*, 21 AD3d 1187, 1188 [2005]). In March 2009, the court granted petitioner's applications to terminate both respondents' parental rights to the four oldest children.* Petitioner was statutorily permitted to file such a petition regardless of the permanency goal (*see* Social Services Law § 384-b [3] [b]; [*l*] [i], [ii] [B] [stating that the petitioner was "not required" to file a petition to terminate parental rights due to the current permanency goal, but not prohibiting the filing of such a petition]). As the February 2008 orders for the four oldest children did not directly affect the issuance of the March 2009 orders, the appeals from those February 2008 orders should also be dismissed as moot (*see Matter of Kila DD.*, 34 AD3d 1168, 1169 [2006]; *see also Matter of Jamie EE.*, 232 AD2d 761, 762 [1996]). We are unpersuaded that any of the appealed orders should be reviewed under the exception to the mootness doctrine.

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.

---

* Amber has appealed from the order terminating her parental rights.