■ In the Matter of OLIVIA SS. and Another, Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM TT., Appellant. (And Another Related Proceeding.) [905 NYS2d 350]—Garry, J. Appeals (1) from two orders of the Family Court of Clinton County (Lawliss, J.), entered October 27, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to extend the placement of the subject children, (2) from two orders of said court, entered October 27, 2009, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, for orders of protection, (3) from two orders of said court, entered December 14, 2009, which, in two proceedings pursuant to Family Ct Act article 10, modified prior orders of protection, and (4) from an order of said court, entered December 14, 2009, which, in a proceeding pursuant to Family Ct Act article 10, among other things, modified visitation.

Respondent William TT. (hereinafter respondent) and respondent Jacqueline SS. (hereinafter the mother) are the parents of a son (born in 2003). The mother also has a daughter (born in 2001) for whom paternity has not been established, but who resided with respondent, the mother and their son for years and who views respondent as her father. In April 2008, petitioner commenced neglect proceedings with respect to both children against respondent and the mother. The children were removed from their care and placed with petitioner in the care of an adult sibling. Thereafter, respondent consented to a finding that he had neglected the children and placement was continued. Following subsequent permanency hearings, which resulted in continued placement and one eight-hour unsupervised visit each

week between respondents and the children, the present permanency hearing was conducted in October 2009. Permanency hearing orders were then issued by Family Court which, among other things, left placement and visitation unchanged. Respondent appeals from these orders and the orders of protection entered in conjunction therewith.

The mother then failed multiple drug tests in late October 2009, and petitioner consequently moved by order to show cause to modify visitation by requiring that it be supervised. A hearing on the motion was held in December 2009, following which Family Court issued an order requiring that respondent's and the mother's visitation with the children be supervised. Respondent appeals from this order and the modified orders of protection entered in conjunction therewith.

The present appeals are moot. The orders and modified orders of protection either were superceded or have expired on their own terms (*see Matter of Destiny HH.*, 63 AD3d 1230, 1231 [2009], *lv denied* 13 NY3d 706 [2009]). As to the permanency hearing orders, in May 2010 Family Court issued subsequent orders which, among other things, returned respondent's son to him and concluded that it was without legal authority to return the daughter to respondent because he is not her biological father and "has never had legal custody of [her]." Without reaching any opinion as to the merits, we find that these subsequent orders render the appeals from the prior permanency orders moot because respondent's rights will no longer be directly affected by determination of the present appeals (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Destiny HH.*, 63 AD3d at 1231; *Matter of Brenden O.*, 13 AD3d 779, 779-780 [2004]).

Finally, although Family Court's conclusion that respondent's use of methadone by prescription to treat his chronic pain affected his ability to care for the children lacked a sound and substantial basis in the record (*see Matter of Blaize F.*, 74 AD3d 1454, 1455 [2010]), respondent's appeal from the December 2009 order is now moot. Family Court essentially reversed the prior finding in the May 2010 order concerning respondent's son, finding that "there is insufficient evidence to find that [respondent]'s methadone intake interferes with his ability to care for the subject child." In light of this subsequent determination, our review will no longer have a direct effect on respondent's rights, and we therefore dismiss respondent's appeal from this order.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.