██ In the Matter of MADISON PP., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; TINA QQ., Respondent-Appellant. (And Another Related Proceeding.) [931 NYS2d 178]—

Rose, J. 

Petitioner commenced neglect proceedings in August 2010 against respondent (hereinafter the mother) and the father of their child (born in 2009). Following a fact-finding hearing, Family Court determined that the child was neglected based on the mother's abuse of hydrocodone and her intoxicated condition while caring for the child, as well as the child's repeated exposure to serious incidents of domestic violence between the mother and the father. Having consented to the disposition, the mother now limits her appeal to the neglect determination. Petitioner cross appeals, as limited by its brief, from that part of

the dispositional order requiring it to bring a violation proceeding if the mother does not comply with treatment recommendations.

The evidence at the fact-finding hearing revealed that the mother has a long-standing history of prescription drug abuse that led to previous neglect findings against her with respect to two older children. In her own testimony, the mother conceded that she had been addicted to painkillers and, although she claimed to have been sober since October 2007, she admitted that she entered a detox program in June 2010 and continued to use painkillers as recently as September 2010. Petitioner's caseworkers testified that the mother appeared to be intoxicated when she came to petitioner's offices with the father and child in August 2010, and the results of drug testing on that date indicated the presence of opiates and oxycodone. By establishing the mother's repeated misuse of drugs and her intoxication, petitioner provided prima facie evidence that the child was neglected (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449 [2011]; *Matter of Nikita A.*, 16 AD3d 736, 737 [2005]). In response, the mother failed to offer any evidence to rebut that presumption of neglect (*see Matter of Paolo W.*, 56 AD3d 966, 968 [2008], *lv dismissed* 12 NY3d 747 [2009]).

In addition, the evidence at the fact-finding hearing revealed that the father had engaged in repeated acts of domestic violence against the mother and that the child's well-being was endangered as a result. Despite the ongoing, serious nature of the violence, the mother refused to acknowledge its severity or take steps to remove the child from the situation. While admitting that she was victimized by the father when he drank and that he drank whenever he had the money to do so, the mother nevertheless continued to live with him, even following his release from jail where he had been incarcerated after an assault upon her. Giving deference to Family Court's resolution of credibility issues (*see Matter of Nikita A.*, 16 AD3d at 737), there is sound and substantial support in the record of the child's exposure to domestic violence as an additional basis for the finding of neglect (*see Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011], *lvs denied* 16 NY3d 711, 712 [2011]; *Matter of Xavier II.*, 58 AD3d 898, 899-900 [2009]; *Matter of James MM. v June OO.*, 294 AD2d 630, 632 [2002]).

Finally, the cross appeals from the dispositional order must be dismissed given the mother's concession to the disposition, the expiration of that order and the concurrent expiration of petitioner's obligation to commence a violation proceeding if the

mother fails to comply with treatment (*see Matter of Olivia SS. [William TT.]*, 75 AD3d 800, 801 [2010]; *Matter of Cadejah AA.*, 25 AD3d 1027, 1028-1029 [2006], *lv denied* 7 NY3d 705 [2006]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order entered November 30, 2010 is affirmed, without costs. Ordered that the cross appeals from the order entered December 10, 2010 are dismissed, without costs.