*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    515850
_____

In the Matter of LINA Y., on
    Behalf of ALINA X. and
    Another,
                        Respondent,
        v                                  MEMORANDUM AND ORDER

AUDRA Z.,
                        Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:   October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

                        _____

        Mary Jane Murphy, Binghamton, for appellant.

        Lina Y., Unadilla, respondent pro se.

        Carman M. Garufi, Binghamton, attorney for the children.

                        _____

Garry, J.

        Appeal from an order of the Family Court of Broome County
(Charnetsky, J.), entered January 8, 2013, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 8, for an order of protection.

        Respondent (hereinafter the mother) has two daughters (born
in 1994 and 1998).  In May 2012, the mother was temporarily
hospitalized for treatment of mental health issues.  During her
absence, the daughters and family pets stayed with petitioner,
the mother's sister (hereinafter the aunt), and the aunt's

husband (hereinafter the uncle) and remained with them following the mother's release from the hospital.  In June 2012, the aunt and uncle commenced separate proceedings against the mother on behalf of themselves and the daughters, alleging that the mother had harassed them by making frequent phone calls and by removing one of the pets.  After issuing temporary orders of protection and conducting a hearing, Family Court granted the aunt's petition, found that the mother had committed a family offense, issued a one-year order of protection in favor of the aunt, the uncle and the younger daughter, and dismissed the uncle's petition without prejudice.[1]  The mother appeals from the order of protection.

The challenged order expired by its own terms in November 2013, and the record does not reveal that there have been any extensions.  Accordingly, the appeal has been rendered moot and must be dismissed (see Matter of Destiny HH., 63 AD3d 1230, 1231 [2009], lv denied 13 NY3d 706 [2009]; Matter of Paitin W., 61 AD3d 1076, 1077 [2009]; Matter of Cadejah AA., 25 AD3d 1027, 1028-1029 [2006], lv denied 7 NY3d 705 [2006]).

Peters, P.J., Stein, Egan Jr. and Devine, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Family Court did not include the older daughter in the order of protection as she had reached the age of 18 and left for college while the proceedings were pending.