■ In the Matter of Angelo FF., an Infant. Schenectady County Department of Social Services, Respondent; Jocelyn FF., Respondent. Adam EE., Appellant. (Proceeding No. 1.) In the Matter of Amelia FF., an Infant. Schenectady County Department of Social Services, Respondent; Jocelyn FF., Respondent. Adam EE., Appellant. (Proceeding No. 2.) [22 NYS3d 915]—

McCarthy, J. Appeals (1) from an order of the Family Court of Schenectady County (Powers, J.), entered April 15, 2014, which, in two proceedings pursuant to Family Ct Act article 10-A, denied Adam EE.'s motion to, among other things, terminate the placement of his children with petitioner, and (2) from an order of said court, entered September 24, 2014, which, in two proceedings pursuant to Family Ct Act article 10-A, continued the permanency plan of the subject children.

Adam EE. (hereinafter the father) and respondent (hereinafter the mother) are the parents of Angelo FF. and Amelia FF. (born in 2011 and 2013, respectively). In July 2011, Angelo was removed from the mother's care by the Westchester County Department of Social Services because the mother was in the hospital to address mental health issues and unable to care for him. In December 2011, the mother voluntarily placed Angelo in the custody of the Westchester County Department of Social Services in kinship foster care with Angelo's maternal grandmother. The voluntary placement agreement indicated that paternity had not been established.

The father never received notice of the proceedings involving Angelo's initial placement. As a result of a paternity petition filed by the father, he was adjudicated Angelo's father in June 2012. There has been no finding of abuse or neglect against the father, who has appeared at the permanency hearings as a nonparty respondent. In March 2013, the father moved to terminate placement pursuant to Family Ct Act § 1062. Following a protracted permanency hearing, Family Court, in two separate orders, denied the father's motion in regard to both children, continued the permanency goal of return to parent and expanded the father's parenting time. The father appeals from both orders.

The father's appeals are moot. Family Court has subsequently issued an order, upon the father's consent, granting him joint legal custody and primary physical custody of the children. Therefore, the orders appealed from no longer affect the father's rights (*see Matter of Nasira D. [Madelyn D.]*, 97 AD3d 1002, 1003 [2012]; *Matter of Destiny HH.*, 63 AD3d 1230, 1231 [2009], *lv denied* 13 NY3d 706 [2009]). Further, we do not find that the issue that the father raises—whether a parent is entitled to use a motion to terminate placement to assert his or her superior right to custody rather than being required to initiate a custody proceeding—falls within the exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the appeals from the orders entered April 15, 2014 and September 24, 2014 are dismissed, as moot, without costs.