In the Matter of NASIR H. and Another, Children Alleged to be Neglected. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DELORIS H., Appellant. [674 NYS2d 179] —Order unanimously affirmed without costs. Memorandum: Respondent mother appeals from an order that found her newborn twins to be neglected. Family Court placed the children in the custody, and respondent under the supervision, of petitioner for one year. The finding of neglect was based upon respondent's admission to allegations that the children's physical condition was in imminent danger of being impaired because respondent lacks the skills and patience necessary to meet the children's needs for specialized feeding.

The challenges by respondent to the court's acceptance of her admission are without merit. Because respondent did not move to vacate or withdraw her admission (*see*, Family Ct Act § 1051 [f]; *see generally*, Family Ct Act § 1061), she is precluded from now challenging the court's acceptance of her admission on the ground that the court failed to give the required warnings (*see, Matter of Bambi C.*, 238 AD2d 942, 943, *lv denied* 90 NY2d 805; *cf., Matter of Farquhar v Pitt*, 192 AD2d 806; *see generally*, Family Ct Act § 1051 [f]). Further, contrary to respondent's contention, the allegations of the petition are sufficient to meet the statutory definition of neglect (*see*, Family Ct Act § 1012 [f] [i] [A]), and respondent's admission provided a sufficient basis on which to sustain the petition (*see*, Family Ct Act § 1051 [a], [f]).

We reject the contention that the admission must be set aside because respondent's attorney was ineffective. There was no showing of ineffectiveness here, nor may ineffectiveness be inferred merely because the attorney counseled respondent to admit the allegations in the petition. Nor is there any merit to

the contention that respondent's attorney was ineffective in failing to object when the court took judicial notice of its own prior proceedings (*see*, CPLR 4511 [a]; *Matter of Chasalow v Board of Assessors*, 176 AD2d 800, 804; *see also*, Prince, Richardson on Evidence §§ 2-209, 2-301 [Farrell 11th ed]). (Appeal from Order of Onondaga County Family Court, Hedges, J.—Neglect.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.