■ In the Matter of MICHAEL B., a Child Alleged to be Neglected. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARMELLA B., Appellant. [684 NYS2d 114] —Order unanimously affirmed without costs. Memorandum: Respondent mother appeals from an order of fact-finding and disposition and intermediate orders in a neglect proceeding. The finding of neglect was based on respondent's admission a year earlier that the child's physical condition was placed in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care in providing the child with proper supervision. Respondent admitted that she left the child in the care of respondent's grandmother when the child was two months old, and on other subsequent occasions, knowing that the grandmother was not an appropriate caretaker and despite having been warned by petitioner not to do so. At that time Family Court granted an adjournment in

contemplation of dismissal (ACD) on conditions (*see,* Family Ct Act § 1039). The order of fact-finding and disposition resulted from proof that there had been substantial noncompliance with the conditions of the ACD.

The challenge by respondent to the court's acceptance of her admission of neglect prior to the ACD is without merit. Because respondent did not move to vacate or withdraw her admission, she is precluded from now challenging the court's acceptance of it on the ground that the court failed to give the required warnings (*see, Matter of Nasir H.,* 251 AD2d 1010, *lv denied* 92 NY2d 809).

Respondent's contention that the court violated Family Court Act § 1047 because it accepted petitioner's dispositional report recommending the ACD on conditions before it actually made a finding of neglect lacks merit. The specific finding of neglect was not made until after a hearing on petitioner's allegations that conditions of the ACD had been violated. Before the ACD was granted, respondent had admitted acts that constituted neglect and that the child was a neglected child and the court had made a finding that respondent engaged in specified acts that placed the "child's physical, mental or emotional condition in imminent danger of becoming impaired", which is a statutory definition of a neglected child (*see,* Family Ct Act § 1012 [f] [i]).

We have reviewed respondent's remaining contentions and conclude that they lack merit. (Appeal from Order of Genesee County Family Court, Graney, J.—Neglect.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.