■ In the Matter of JEFFREY X., a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD X., Appellant. [724 NYS2d 126] —Carpinello, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered December 30, 1999, which, in a proceeding pursuant to Family Court Act article 10, *inter alia*, denied respondent's motion to withdraw his admission to neglecting his minor child.

On October 27, 1998, respondent appeared before Family Court on various proceedings relating to his then 12-year-old son, one of which involved a neglect petition filed against him by petitioner. At this hearing, by agreement between the parties, respondent admitted to a specific allegation in the petition, namely, that he consumed alcohol on June 13, 1998 to such an extent that he became intoxicated and was unable to properly care for his son. This admission was accepted by Family Court after a detailed allocution on the record. Respondent

was expressly advised of his right to remain silent and his right to have a trial on the neglect petition at which he could be represented by counsel. He was also advised by Family Court that his admission would result in an order of neglect and of the potential consequences of such order (*see*, Family Ct Act § 1051 [f]). Respondent indicated that he understood all of his rights and acknowledged the nature and consequences of making the admission.

At the same time, the parties entered into a negotiated disposition of the neglect proceeding. As relevant here, respondent consented to being placed under petitioner's supervision for one year, agreed to undergo a psychological evaluation and further agreed to follow all treatment recommendations. It was also agreed that the dispositional order would include an order of protection prohibiting respondent from having any contact with the child until same was jointly recommended by his and the child's treating therapists. Accordingly, an order of fact-finding and disposition incorporating the agreed-upon terms was entered on November 17, 1998 adjudging the child to be neglected based on respondent's admission.

Six months later, respondent made a *pro se* motion to withdraw his admission of neglect; the grounds for the application were twofold. He claimed that he was incarcerated on the day of the alleged incident of neglect and further asserted that certain promises made by petitioner had not been fulfilled after entry of the dispositional order. The crux of this latter allegation concerned the "delay" in his psychological evaluation, which respondent claims hindered a promised "prompt reconciliation" between himself and his son. Following a June 3, 1999 hearing, the motion was denied.[1] Respondent appeals.

Two statutory provisions provide grounds for the withdrawal of an admission of neglect, Family Court Act § 1051 (f) and § 1061 (*see, e.g., Matter of Nasir H.*, 251 AD2d 1010, *lv denied* 92 NY2d 809; *Matter of Jack McG.*, 223 AD2d 369; *Matter of Chendo O.*, 193 AD2d 1083, 1084). Here, Family Court clearly informed respondent of the ramifications of his admission to the allegation of the neglect petition, thus ensuring that such admission was knowingly made. As this is the precise purpose of Family Court Act § 1051 (f) (*see*, Mem of Assemblyman Vito J. Lopez in Support, 1994 NY Legis Ann, at 296), we find no basis in this record to support withdrawal of the admission under this particular statutory provision (*see, Matter of Jennifer O.*, 281 AD2d 936).

---

**1.** As of this hearing, respondent had been incarcerated since February 1999 on an unrelated charge and was not due to be released until later that month.

Respondent has also failed to demonstrate the requisite "good cause" to vacate the November 1998 order under Family Court Act § 1061 (*see, Matter of Jack McG., supra*). On appeal, he focuses solely on petitioner's alleged unfulfilled promise of "prompt action towards reconciliation" as a basis for permitting withdrawal of his admission and vacatur of the order. The record of the allocution, however, does not support respondent's claim that he admitted to the subject allegation and consented to the disposition because petitioner promised him that he would be promptly reunited with his son (*see generally, Matter of Jennifer R.*, 247 AD2d 873).[2]

No specific time limits concerning any aspect of respondent's treatment or resumption of visitation were delineated when the agreed-upon disposition was placed on the record, nor were any such limits included in the fact-finding and dispositional order itself. To the contrary, resumption of contact was expressly conditioned on joint recommendations of the treating therapists. Here, after respondent was evaluated in early April 1999, it was apparently[3] recommended by the psychologist that any visitation should be deferred until he successfully completed alcohol counseling following his release from jail. In addition to the lack of any evidence at the October 1998 hearing to support this alleged promise to promptly reunite respondent with his son, respondent failed to present sufficient proof of same at the June 3, 1999 hearing on the motion to withdraw (*see generally, Matter of Andresha G.*, 251 AD2d 1005). Under these circumstances, the motion was properly denied.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Indeed, the record reveals that respondent's primary motivation for making the admission and consenting to the disposition was petitioner's withdrawal of previously filed criminal complaints against him.

3. The report of respondent's treating psychologist is not contained in the record on appeal. Certain substantive aspects of it, however, were referenced by petitioner's attorney and the Law Guardian at the June 3, 1999 hearing. Moreover, Family Court quoted from it in its oral decision on the motion, which is contained in the record.