■ In the Matter of MELISSA FF. and Others, Children Alleged to be Abused and/or Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD FF., Appellant. [726 NYS2d 800] —Crew III, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 12, 1999, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 10, for modification of prior orders of disposition and protection.

In December 1996, respondent was found to have sexually

---

abused and neglected his two daughters and to have derivatively neglected his three sons. Family Court, thereafter, entered a dispositional order directing, *inter alia*, that respondent attend sex abuse counseling until given a positive discharge and prohibiting respondent from having any visitation with the children until further order of the court. An order of protection prohibiting respondent from having any contact with the children also was entered. Following a jury trial, respondent was found guilty of two counts of endangering the welfare of a child, pleaded guilty to two counts of sexual abuse in the first degree, upon which the jury had been unable to reach a verdict, and was sentenced to five years' probation. Respondent subsequently violated his probation, whereupon he was sentenced to, *inter alia*, consecutive prison terms of 2$\frac{1}{3}$ to 7 years.

In March 1999, respondent petitioned for visitation with his children. Family Court treated respondent's application, which had been brought under Family Court Act article 6, as an application to modify the court's prior dispositional order in the underlying Family Court Act article 10 proceeding (*see*, Family Ct Act § 1061). Family Court subsequently dismissed respondent's application without a hearing, prompting this appeal.

The crux of respondent's argument on appeal is that Family Court erred in summarily dismissing his application without conducting an evidentiary hearing. We cannot agree. Family Court Act § 1061 authorizes Family Court to, *inter alia*, modify any order issued in the course of a child protective proceeding "[f]or good cause shown." Although the "good cause" inquiry generally necessitates an evidentiary hearing (*see, Matter of Angelina AA.*, 222 AD2d 967, 969), a parent seeking to modify a prior court order and obtain visitation pursuant to Family Court Act § 1061 bears the same initial burden as a parent seeking such relief under Family Court Act article 6—namely, to tender a legally sufficient petition in the first instance (*cf., Matter of Davies v Davies*, 223 AD2d 884, 886). "One who seeks to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing [citations omitted]" (*Matter of Milhollen v Voelpel*, 270 AD2d 422, 423; *see, Matter of Krause v Krause*, 233 AD2d 697, 698).

Here, in support of his petition for visitation, respondent offered nothing more than his conclusory assertion that such visitation would be in the children's best interests because he was their father and the children needed both a mother and a father in their lives. In opposition to petitioner's motion to

dismiss, respondent repeated this belief, arguing that the perceived deterioration in the children's overall well-being was the direct result of the children being deprived of access to him. In our view, respondent's speculative and unsubstantiated assertions as to his children's need for visitation with him and the benefits to be derived therefrom were insufficient to trigger an evidentiary hearing. Accordingly, Family Court's order is affirmed.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.