In the Matter of BENJAMIN M., Appellant, v ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [800 NYS2d 427]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered May 12, 2004, which, after a hearing, dismissed his petition to modify the visitation provisions of a prior order of disposition of the same court entered October 27, 2003, inter alia, finding that he had neglected and sexually abused his daughters Samantha M. and Tiffany M., and derivatively neglected his son, Raymond M., and limiting his visitation with the three children to one hour of supervised visitation every two weeks.

Ordered that the order is affirmed, without costs or disbursements.

Proceedings under Family Court Act article 10 were commenced against the father in 2003 alleging, inter alia, that he neglected and sexually abused his two daughters, born in 1995 and 1997, and derivatively neglected his son, born in 1999. The proceedings were resolved by an order of disposition which, among other things, provided for the father to have one hour of biweekly supervised visitation with the three children (*see Matter of Raymond M.,* 13 AD3d 377 [2004]). The Family Court, inter alia, directed the father to attend drug and alcohol counseling and to enroll, participate, and successfully complete therapy for sex offenders.

In November 2003 the father filed a petition pursuant to Family Court Act article 6 to modify the prior order, claiming a change of circumstances and seeking increased visitation. The Family Court conducted a hearing. At the conclusion of the father's case, the Family Court granted the motion of the Orange County Department of Social Services to dismiss the petition for failure to establish a prima facie case. The Family Court found that the father failed to substantially comply with the prior order directing him to obtain sex offender therapy and attend drug and alcohol counseling.

We affirm, but on partially different grounds. The father should have filed a petition pursuant to Family Court Act § 1061 to modify the 2003 order. The father's procedural error in seeking relief under Family Court Act article 6 provides a proper basis for dismissal (*see Smith v Maclin,* 294 AD2d 950, 951 [2002]; *Matter of Matthew W. v Sandra W.,* 291 AD2d 693, 694 [2002]; *Matter of Davies v Davies,* 223 AD2d 884, 886 [1996]).

In any event, the evidence adduced at the hearing overwhelmingly supports the Family Court's dismissal of the petition for failure to demonstrate good cause to modify the prior order (*see* Family Ct Act § 1061). Accordingly, we discern no basis for disturbing the order under review. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.