■ In the Matter of CADEJAH AA. and Another, Children Alleged to be Neglected. ALBERTA CC., Appellant; OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [825 NYS2d 313]—

Spain, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered February 16, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, for modification of a prior order of disposition.

Petitioner, acting pro se, filed a petition seeking to reopen and vacate an October 19, 2004 order of Family Court which was affirmed on her direct appeal (25 AD3d 1027 [2006]). No responsive papers were filed and Family Court summarily dismissed the petition without a hearing, finding that it did not state a cause of action. Petitioner appeals, and we affirm.

To succeed in a collateral challenge to Family Court's previous order finding that petitioner had neglected her daughter, it was incumbent upon petitioner to demonstrate that her admissions supporting Family Court's findings were not knowingly made or to otherwise show "good cause" to vacate the order (Family Ct Act § 1051 [f]; § 1061; *see Matter of Jeffrey X.*, 283 AD2d 687, 688 [2001]). To the extent that the petition challenges the sufficiency of the record in the neglect proceeding to support a finding that petitioner made knowing and voluntary admissions of neglect, that issue was previously decided on the direct appeal and cannot be relitigated here (*see Hejna v Reilly*, 26 AD3d 709, 712 [2006]; *Etzel v Etzel*, 22 AD3d 906, 908 [2005]).

Further, the allegations in this petition which were outside of the record on direct appeal are insufficient to demonstrate good cause to vacate Family Court's order. One who seeks relief pursuant to Family Ct Act § 1061 " 'is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing' " (*Matter of Melissa FF.*, 285 AD2d 682, 683 [2001], quoting *Matter of Milhollen v Voelpel*, 270 AD2d 422, 423 [2000]). The petition states, without any supporting papers or evidence, that prior to her appearance at the neglect proceeding petitioner was "held against [her] will in a closed courtroom" by her attorney who demanded that she "lie to the court or [her] son would be taken from [her]." This petition—submitted approximately 14 months following the entry of Family Court's order and containing allegations which are inconsistent with her sworn admission allocution—is insufficient, standing alone, to support vacatur or to trigger a duty by the court to hold an evidentiary hearing (*see Matter of Melissa FF., supra* at 683-684; *see also People v Passino*, 25 AD3d 817, 818-819 [2006], *lv denied* 6 NY3d 816 [2006] [County Court entitled to dismiss criminal defendant's CPL article 440 motion without an evidentiary hearing where motion was supported only by the defendant's own affidavit]; *People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006] [same]; *People v Sayles*, 17 AD3d 924, 924-925 [2005], *lv denied* 5 NY3d 794 [2005] [same]).

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.