■ In the Matter of NICOLE KK., a Child Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY LL., Appellant. [848 NYS2d 442]—

Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered December 8, 2006, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to vacate a prior order of the court.

Petitioner commenced a proceeding in September 2006 alleging that respondent neglected her daughter (born in 1993). In October 2006, respondent executed a stipulation admitting neglect and consenting to a dispositional order placing the child in petitioner's care. Thereafter, she appeared in Family Court, where she acknowledged that she voluntarily entered into the stipulation and admitted the facts constituting neglect. A consent order of fact-finding and disposition was entered October 30, 2006. By order to show cause dated November 17, 2006, respondent moved to vacate the consent order alleging that fraudulent conduct by petitioner had caused her to enter into the stipulation. Following an appearance by the parties and argument on the record, Family Court denied the motion. Respondent appeals from the order denying her motion to vacate.

Initially, we find no merit in petitioner's contention that we should dismiss the appeal because the order respondent seeks to vacate was entered on consent. While it is well settled that no appeal lies from a consent order (*see Matter of Forbus v Stolfi*,

300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]), respondent is not appealing the consent order. She is appealing the order denying the motion to vacate. A motion to vacate is the proper procedural vehicle for challenging a consent order (*see Matter of Cheyenne QQ.*, 37 AD3d 977, 978 [2007]; *Matter of Carmella J.*, 254 AD2d 70, 70 [1998]; *Matter of Nasir H.*, 251 AD2d 1010, 1010 [1998], *lv denied* 92 NY2d 809 [1998]) and an appeal from an order deciding such a motion is appropriate (*see generally Matter of Jeffrey X.*, 283 AD2d 687 [2001]).

Respondent argues that she was not adequately warned of the potential consequences of her consent to the neglect findings as required by Family Ct Act § 1051 (f). However, this was not asserted as a ground to vacate the consent order in respondent's motion before Family Court and, accordingly, the issue is not properly before us (*see generally Matter of Nahja I.*, 279 AD2d 666, 668 [2001]). In any event, respondent's stipulation sets forth that she had been fully informed of the provisions of Family Ct Act § 1051.

We are unpersuaded by respondent's further argument that she was enticed to agree to the terms of the stipulation as a result of petitioner's fraudulent conduct. While an admission of neglect can be overturned for "good cause" pursuant to Family Ct Act § 1061 (*see Matter of Jeffrey X.*, 283 AD2d at 689), assertions that are inconsistent with the allocution and unsupported by other evidence are insufficient to require vacatur (*see Matter of Cadejah AA.*, 34 AD3d 1141, 1142 [2006]; *Matter of Jeffrey X.*, 283 AD2d at 689). Respondent's contention that she was induced to sign the stipulation by promises of increased visitation and a quick reunion with her daughter is inconsistent with the allocution. Moreover, as observed by Family Court at the hearing on the motion, respondent did not assert that the facts she admitted at the allocution regarding the child were incorrect and these facts fully support the neglect determination.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.