■ In the Matter of GABRIELLA R., a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MINDYN S., Appellant, et al., Respondent. [891 NYS2d 539]—

Stein, J.

In December 2007, petitioner commenced a proceeding alleging that respondents had neglected their daughter (born in 2007). In October 2008, Family Court found the child to have been neglected by respondent Mindyn S. (hereinafter the mother) based upon her admission to certain allegations set forth in the petition and, with the mother's consent, entered a dispositional order continuing the placement of the child with petitioner and placing the mother under petitioner's supervision. Approximately one month later, the mother moved to vacate the order of disposition, arguing that she was under severe emotional distress at the time her consent was given. Family Court determined that the mother did not demonstrate the requisite good cause to vacate the order, denied her motion and proceeded with a permanency hearing. The mother now appeals.[1] On appeal, the mother argues that the dispositional order, including her admission of neglect, should be vacated because Family Court did not provide the notice required by Family Ct Act § 1051 (f) and her admissions were not knowingly and voluntarily made.

We affirm. Initially, we note that, although a party may not ordinarily appeal from an order entered upon consent (*see* CPLR 5511; *Matter of Cheyenne QQ.*, 37 AD3d 977, 977-978 [2007]), the mother was entitled to—and did—move to vacate the orders based upon her allegations that her consent was not knowing and/or voluntary (*see e.g. Matter of Nasir H.*, 251 AD2d 1010,

---

1. Although the father was adjudicated to have neglected the child after a hearing, he did not appeal from the finding of neglect or the dispositional order.

1010 [1998], *lv denied* 92 NY2d 809 [1998]). We find the mother's arguments to be unavailing.

In our view, the record supports Family Court's determination that the mother's admission to the allegations of neglect and consent to the disposition were voluntarily made with the benefit of counsel (*see Matter of Cadejah AA.*, 25 AD3d 1027, 1028 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Leo UU.*, 288 AD2d 711, 712 [2001], *lv denied* 97 NY2d 609 [2002]). At various court appearances, Family Court repeatedly advised the mother, in accordance with Family Ct Act § 1051 (f), of, among other things, her right to hearings, petitioner's burden of proof and the consequences of a finding of neglect, to which the mother expressly indicated her understanding. Despite these admonitions, the mother admitted that, during a heated argument with the father—which occurred while the father was holding the child—the mother was holding a knife and the father sustained a cut to his face and dropped the infant. Although the mother indicated during her allocution that she was not exactly sure how the father sustained the cut to his face,[2] after consulting with counsel, the mother agreed that her conduct was inappropriate, admitted that the circumstances provided a sufficient basis to support a finding that she had neglected her daughter (*see* Family Ct Act § 1012 [f] [i]; *Matter of June MM.*, 62 AD3d 1216, 1217-1218 [2009], *lv denied* 13 NY3d 704 [2009]) and consented to the entry of orders of fact-finding and disposition.

Upon our review of the record, we find that Family Court's disclosures to the mother sufficiently complied with the requirements of Family Ct Act § 1051 (f) so as to ensure that her admission was knowingly made (*see generally Matter of Nicole KK.*, 46 AD3d 1267, 1268 [2007]; *Matter of Jeffrey X.*, 283 AD2d 687, 687-688 [2001]). While it is true that the mother appeared confused and frustrated at times, we are satisfied that her confusion and frustration related to her desire to get her daughter back as quickly as possible and terminate her dealings with petitioner, rather than to any lack of understanding of her rights. There is also no support in the record for the mother's contention that she was "severely distressed" during the dispositional proceeding. Notably, the record reflects that the mother asked questions and voiced her disagreement with certain objectionable conditions.

Nor has the mother satisfied her burden of showing good

---

**2.** This was in direct conflict with the mother's written statement given on the day of the incident, wherein she admitted that she had cut the father's face with the knife because he would not let her out of the room.

cause to modify or vacate the order issued herein (*see* Family Ct Act § 1061; *Matter of Cadejah AA.*, 34 AD3d 1141, 1141 [2006]; *see also Matter of Carrie F. v David PP.*, 34 AD3d 1108, 1110 [2006]). In this regard, her contentions that petitioner or Family Court coerced her into making admissions with the understanding that she would get her daughter back more quickly are belied by the record, which illustrates that the mother was repeatedly advised that she would be required to successfully complete the applicable services and treatments and demonstrate improved skills before the child would be returned to her. Inasmuch as the allocution does not reveal that the mother's admission was made based upon collateral promises, vacatur of such admission cannot be founded upon her allegations of petitioner's "unfulfilled promise of 'prompt action towards reconciliation' " (*Matter of Jeffrey X.*, 283 AD2d at 689).

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.