In the Matter of ELIZABETH COOPER, Appellant-Respondent, v RICHARD L. COOPER, Respondent-Appellant. [901 NYS2d 887]—Appeal and cross appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered April 15, 2009 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, dismissed the petition.

It is hereby ordered that said cross appeal is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In this support proceeding pursuant to Family Court Act article 4, petitioner mother appeals and respondent father cross-appeals from an order that granted the objections of the father and dismissed without prejudice the mother's petition for an award of child support. Initially, we agree with the mother that Family Court had jurisdiction over this support proceeding where, as here, the parties entered into a separation agreement that was not merged into the judgment of divorce (*see* Family Ct Act § 461 [a]). Contrary to the further contention of the mother, however, the court properly dismissed her petition.

The court may modify a separation agreement with respect to child support only "upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred[,] resulting in a concomitant need" for increased support (*Merl v Merl*, 67 NY2d 359, 362 [1986]; *see generally Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]). Contrary to the contention of the mother, she failed to establish or indeed, even to allege, that the agreement was unfair or that there was the requisite change in circumstances.

We conclude, however, that the cross appeal by the father must be dismissed because he is not an "aggrieved party" and

thus lacks standing to appeal (CPLR 5511). The court granted the father's objections and dismissed the petition, and the father thus received all the relief he requested. The fact that the order contains language or reasoning that the father deems adverse to his interests does not provide him with "a basis for standing to take an appeal" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *see Pramco III, LLC v Partners Trust Bank*, 52 AD3d 1224, 1225 [2008]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 451-452 [2008]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.