In the Matter of KOLE HH. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS HH., Appellant, et al., Respondent. [923 NYS2d 760]—

Kavanagh, J. Appeals (1) from an order of the Family Court of Broome County (Charnetsky, J.), entered April 9, 2010, which, in a proceeding pursuant to Family Ct Act article 10, denied a motion by respondent Thomas HH. to, among other things, vacate a prior order, (2) from an order of said court, entered July 21, 2010, which, among other things, placed respondent Thomas HH. under the supervision of petitioner, and (3) from orders of protection issued thereon.

Respondent Thomas HH. (hereinafter respondent) and respondent Linda QQ.* (hereinafter the mother) are the parents of two sons, Kole HH. and Andrew HH. (born in 1999 and 2007, respectively). Petitioner commenced this Family Ct Act article 10 proceeding claiming that, among other things, respondent had derivatively neglected the two children because he had sexually abused their nine-year-old relative (hereinafter the victim). After a fact-finding hearing, Family Court dismissed the petition. On appeal, however, this Court modified that order and issued a determination that respondent had derivatively neglected the children and remitted the matter to Family Court for further proceedings (61 AD3d 1049 [2009], *lv dismissed* 12 NY3d 898 [2009]).

After the dispositional proceedings had commenced, respondent sought, by order to show cause, to vacate the finding of derivative neglect and to hold a new fact-finding hearing (*see* Family Ct Act § 1061; CPLR 5015 [a]) because new evidence had been discovered indicating that the victim had recanted her claim that respondent had sexually abused her. After it denied

---

* The mother consented to a finding of neglect.

this application and upon completion of the dispositional hearing, Family Court issued an order, entered July 21, 2010, that, among other things, placed respondent under petitioner's supervision, limited his access to the children to weekly telephone contact and two hours of visitation each week to be supervised by the mother and required respondent to cooperate with petitioner. Additionally, the court issued two orders of protection directing that respondent have no unauthorized contact with the children until each child reached the age of 18. Respondent now appeals from Family Court's refusal to vacate the finding of derivative neglect, the July 2010 dispositional order and the orders of protection regarding the two children.

In refusing to vacate the finding of derivative neglect, Family Court specifically found that the new evidence submitted by respondent lacked "any indicia of reliability" that would have produced a different result. While respondent's evidence included affidavits from himself, the mother and his own mother, we note that no corresponding affidavit was submitted from the victim recanting her testimony, nor is there any evidence from members of her immediate family that she, at any time, stated that respondent did not sexually abuse her. As such, we conclude that respondent failed to show "good cause" to vacate the prior neglect order (Family Ct Act § 1061; *see Matter of Gabriella R. [Mindyn S.]*, 68 AD3d 1487, 1488-1489 [2009], *lv dismissed* 14 NY3d 812 [2010]), and that Family Court did not abuse its discretion in denying respondent's motion without a hearing (*see* Family Ct Act §§ 1061, 1064; *Matter of Cadejah AA.*, 34 AD3d 1141, 1142 [2006]; *Matter of Carrie F. v David PP.*, 34 AD3d 1108, 1109 [2006]). Moreover, we agree with Family Court's finding that this "newly-discovered evidence," given its timing and its source, would not have made a difference at a hearing or have "produced a different result" (CPLR 5015 [a] [2]; *see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1134 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]).

Respondent also claims that Family Court's dispositional order lacked a sound and substantial basis in the record and was not in the children's best interests. Specifically, respondent takes issue with the time limits the order imposes on his supervised visits with the children and its provision that the only other person that can be present during these visits is the maternal grandmother. While the attorney for the children states that her clients enjoy their visits with respondent and want to spend more time with him, the limitations contained in the order, given that respondent has been found to have sexually abused a young child entrusted to his care, are not unrea-

sonable and, in our view, are consistent with the children's best interests (*see Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1099-1100 [2010]; *Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 [2010]).

Finally, respondent challenges Family Court's direction that the orders of protection are to remain in place until each child reaches the age of 18. An order of protection issued in a Family Ct Act article 10 proceeding can only be extended up to a child's 18th birthday for a person "who is no longer a member of [the child's] household at the time of the disposition and who is not related by blood or marriage to the child" (Family Ct Act § 1056 [4]). Because respondent is the children's father, the orders of protection can only be in place for "the duration of the article 10 dispositional order to which [they] relate[ ]" (*Matter of Collin H.*, 28 AD3d 806, 809 [2006]; *see* Family Ct Act § 1056 [1], [4]), and the order placing respondent under the supervision of petitioner is scheduled to expire on May 13, 2011 (*see* Family Ct Act § 1057; *Matter of Joseph B. v Sheena KK.*, 56 AD3d 968, 970 [2008]; *Matter of Collin H.*, 28 AD3d at 810).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the orders entered April 9, 2010 and July 21, 2010 are affirmed, without costs.

Ordered that the orders of protection are modified, on the law, without costs, by reversing so much thereof as set the expiration date of the orders of protection as September 14, 2017 and May 16, 2025; set the expiration date of said orders as May 13, 2011; and, as so modified, affirmed.