■ In the Matter of JESSE QQ., Appellant, v HOLLY RR., Respondent. [927 NYS2d 439]—

Malone Jr., J.

Petitioner and respondent are the parents of one son (born in 2007). In addition, as a result of previous relationships, petitioner has a daughter (born in 2003) and respondent had another son (born in 2004). Respondent's older son died in March 2008 after being injured while in petitioner's care, and petitioner was criminally charged with his death. In April 2008, a proceeding pursuant to Family Ct Act article 10 was commenced by the Madison County Department of Social Services (hereinafter DSS) against petitioner based upon the death of the child and his role in causing such. Petitioner was found guilty of manslaughter in the first degree in September 2008 and was thereafter sentenced to 23 years in prison. In February 2009, the article 10 proceeding was resolved by Family Court, with a finding, as is relevant here, that petitioner derivatively neglected his son. An order of disposition was entered that incorporated an order of protection—in effect until his son's 18th birthday—which provided, among other things, that petitioner would have visitation with his son "[a]s arranged and approved by" respondent.

Respondent has not approved any visitation since petitioner was incarcerated in state prison. As a result, petitioner commenced the instant proceeding pursuant to Family Ct Act article 6, seeking to modify a prior order of visitation, entered in June 2008, that had permitted him visitation with his son at the county jail while he was awaiting trial. Following a fact-finding hearing, Family Court concluded that, because petitioner was actually seeking to modify the dispositional order and order of protection issued in the course of the Family Ct Act article 10 proceeding, his petition was essentially an application pursuant to Family Ct Act § 1061. Family Court then dismissed the petition on the basis that petitioner failed to establish the requisite "good cause" for the requested modification. Petitioner appeals.

We affirm, albeit on different grounds. Instead of a petition

pursuant to Family Ct Act article 6, petitioner should have moved pursuant to Family Ct Act § 1061 to modify the February 2009 dispositional order and order of protection, which would have required, among other things, that petitioner name DSS as a necessary party (*see Matter of Davies v Davies*, 223 AD2d 884, 886 [1996]). Petitioner's procedural error in that regard provides the proper basis for dismissal (*see Matter of Smith v Maclin*, 294 AD2d 950, 951 [2002]; *Matter of Matthew W. v Sandra W.*, 291 AD2d 693, 694 [2002]; *cf. Matter of Benjamin M. v Orange County Dept. of Social Servs.*, 20 AD3d 535, 536 [2005]), particularly considering that DSS did not appear or participate in the fact-finding hearing.*

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs. **[Prior Case History: 26 Misc 3d 1209(A), 2010 NY Slip Op 50017(U).]**

* The record does reflect that DSS appeared at—but did not actively participate in—the initial hearing on petitioner's application. In addition, DSS is named as an "Interested Party" that apparently received a copy of Family Court's order dismissing the petition.