■ In the Matter of NORI-ALYCE Y., Respondent, v MARK Y., Appellant. [953 NYS2d 387]—

Egan Jr., J. Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered August 31, 2011, which, in a proceeding pursuant to Family Ct Act article 8, denied respondent's motion to vacate an order of protection.

Petitioner filed a family offense petition against respondent seeking an order of protection, alleging that he had engaged in various improper conduct toward her and their daughter (born in 1994). When the daughter indicated that she wished to communicate with respondent, the parties apparently consented to the issuance of an order of protection in favor of petitioner alone. Although respondent failed to appear by telephone (as he had in the past) at the scheduled pretrial conference, Family Court, based upon counsel's assurances that respondent consented to the contemplated order of protection, issued a two-year behavioral order of protection in favor of petitioner. Respondent then moved to vacate the order, arguing that counsel misunderstood his position and, further, that Family Court lacked jurisdiction to render the order. Family Court denied the motion, and respondent now appeals.

We affirm. Although an order of protection indeed may be vacated upon a showing of good cause (*see* Family Ct Act §§ 841 [d]; 844), where, as here, the order was entered upon consent, respondent bore the burden of establishing fraud, collusion, mistake, accident, or some other similar ground (*see generally Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Frutiger*, 29 NY2d 143, 150 [1971]). In this regard, respondent provided nothing beyond counsel's conclusory assertion that some type of miscommunication had occurred. However, the possibility of settlement was discussed at an earlier conference, and respondent failed to explain why he did not appear for the scheduled pretrial conference, at which time he easily could have remedied the asserted misunderstanding or objected to the issuance of the order. Under these circumstances, respondent failed to show good cause to warrant setting aside the order of protection (*see Matter of Bernal v Bernal*, 45 AD3d 589, 589-590 [2007]; *Matter of Mohammad v Mohammad*, 299 AD2d 363 [2002]; *cf. Meyer v Meyer*, 228 AD2d 955, 956-957 [1996], *lv dismissed and denied* 88 NY2d 1062 [1996]; *Lynch v Lynch*, 122 AD2d 572, 573-574 [1986], *lv denied* 68 NY2d 610 [1986]).

Respondent's related claim that Family Court failed to confirm the knowing and voluntary nature of his consent was not advanced in his motion papers and, hence, is unpreserved for our review (*see Matter of Nicole KK.*, 46 AD3d 1267, 1268

[2007]). Respondent's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.