# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**545**

**CAF 12-02266**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JOSEPH E.K.
------------------------------------
NIAGARA COUNTY DEPARTMENT OF SOCIAL                    MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

LITHIA K., RESPONDENT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.

ABRAHAM J. PLATT, LOCKPORT, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered October 26, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the custody of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this neglect proceeding pursuant to Family Court Act article 10, respondent mother contends that her admission of neglect was involuntarily entered because she stated during the colloquy that she would do or say anything to get her child back. Because the mother "did not move to vacate or withdraw her admission" in Family Court, however, she failed to preserve for our review her challenge to the voluntariness of her admission (*Matter of Michael B.*, 256 AD2d 1208, 1209; *see Matter of Cora J. [Kenneth J.]*, 72 AD3d 1170, 1171; *Matter of Nasir H.*, 251 AD2d 1010, 1010, *lv denied* 92 NY2d 809). We note in any event that, before accepting the mother's admission, the court made clear that it did not want her to admit to something that was not true, and that the mother thereafter admitted to the facts underlying the neglect petition.

The mother further contends that the court, in removing the child from her custody following the temporary removal hearing, improperly relied on evidence of her past conduct regarding an older child. That contention has been rendered moot by the court's subsequent finding of neglect (*see Matter of Mary YY. [Albert YY.]*, 98 AD3d 1198, 1198), and

the dispositional order (*see Matter of John S.*, 26 AD3d 870, 870).