In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (McGowan, J.), dated January 8, 2013, which denied his motion to modify an order of disposition of the same court entered April 15, 2009, to allow visitation with the subject children.
Ordered that the order dated January 8, 2013, is affirmed, without costs or disbursements.
Pursuant to an order of disposition entered April 15, 2009, an order of protection was issued against the father barring visitation with the subject children and requiring completion of a program for sex offenders and therapy prior to his seeking modification thereof. In June 2012, without having complied with the terms of the order, the father moved to modify the order of disposition to permit supervised visitation.
Family Court Act § 1061 provides that, for good cause shown, the court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (see Family Ct Act § 1061; Matter of Kevin M.H. [Kevin H.], 102 AD3d 690 [2013]; Matter of Desiree L., 28 AD3d 484 [2006]). “Good cause” includes compliance with drug or sexual abuse treatment requirements, and psychiatric assessment (see Matter of Alexander L. [Andrea L.], 109 AD3d 767 [2013]; Matter of Benjamin M. v Orange County Dept. of Social Servs., 20 AD3d 535, 536 [2005]; Matter of Jeffrey X., 283 AD2d 687, 689 [2001]; Matter of Jenna R., 207 AD2d 403, 404 [1994]).
Here, the Family Court properly determined that the father did not comply with the requirements set forth in the order of disposition. He therefore failed to demonstrate good cause to modify that order (see Matter of Alexander L. [Andrea L.], 109 AD3d at 767; Matter of Benjamin M. v Orange County Dept. of Social Servs., 20 AD3d at 536; Matter of Jeffrey X., 283 AD2d at 689).
*886 The father’s remaining contentions are not properly before this Court.
Rivera, J.E, Sgroi, Hinds-Radix and Maltese, JJ., concur.