## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 20, 2014                    516934
_____

In the Matter of CONNOR S.
   and Others, Alleged to be
   Neglected Children.

SCHOHARIE COUNTY DEPARTMENT OF
   SOCIAL SERVICES,
                  Respondent;                    MEMORANDUM AND ORDER

JOSEPH S.,
                  Appellant.
_____


Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

     Bruce E. Knoll, Albany, for appellant.

     David Lapinal, Schoharie County Department of Social Services, Schoharie, for respondent.

     Leah W. Casey, Schenectady, attorney for the children.

     Teresa Meade, Middleburgh, attorney for the child.

_____


Devine, J.

     Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered May 3, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent is the father of Connor S. (born in 2001), Eoin S. (born in 2002) and Liam S. (born in 2008). Respondent is the sole living parent of Connor and Eoin and has physical custody of them, while Liam's mother has custody of him. Petitioner commenced this neglect proceeding alleging that respondent had engaged in acts of domestic violence in the presence of the children involving Liam's mother and his paramour. While assisted by counsel, respondent consented to a finding that he had neglected the children pursuant to Family Ct Act § 1051 (a) and, thereafter, Family Court adjudicated the children as neglected and ordered respondent to comply with several terms and conditions, including the continued supervision by petitioner. Respondent now appeals.

Respondent maintains that his consent to Family Court's finding of neglect was involuntary as he was under stress and was misinformed by his attorney and the court of the consequences of agreeing to the disposition. Inasmuch as the order that respondent challenges was entered on consent, it cannot be appealed (see Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1098-1099 [2013]; Matter of Trenton G. [Lianne H.], 100 AD3d 1124, 1125 [2012]; Matter of Fantasia Y., 45 AD3d 1215, 1216 [2007]). As respondent failed to move to vacate the order on the grounds that he now raises, we must dismiss the appeal (see Matter of Mary UU. [Michael UU.–Marie VV.], 70 AD3d 1227, 1228 [2010]; Matter of Nicole KK., 46 AD3d 1267, 1268 [2007]; Matter of Cheyenne QQ., 37 AD3d 977, 978 [2007]). Nonetheless, were the order before us we would find, upon a review of the record, that respondent knowingly and voluntarily agreed to the consent order and that he was duly informed of its implications (see Family Ct Act § 1051 [f]; Matter of Gabriella R. [Mindyn S.], 68 AD3d 1487, 1488 [2009], lv dismissed 14 NY3d 812 [2010]).

Stein, J.P., Garry, Rose and Lynch, JJ., concur.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court