# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**698**

**CAF 14-00273**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARKADIAN S., EDEN S., AND
ELYSIUM S.
------------------------------------------------- MEMORANDUM AND ORDER
CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, PETITIONER-RESPONDENT;

CRYSTAL S. AND JOSHUA S., RESPONDENTS-APPELLANTS.

---

CYNTHIA B. BRENNAN, AUBURN, FOR RESPONDENT-APPELLANT CRYSTAL S.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT JOSHUA S.

FREDERICK R. WESTPHAL, COUNTY ATTORNEY, AUBURN (SAMUEL P. GIACONA OF
COUNSEL), FOR PETITIONER-RESPONDENT.

JAMES A. LEONE, ATTORNEY FOR THE CHILDREN, AUBURN.

---

Appeals from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered January 9, 2014 in a proceeding pursuant to Family Court Act article 10. The order denied the motion of respondent Crystal S. to vacate prior court orders.

It is hereby ORDERED that said appeal by respondent Joshua S. is unanimously dismissed and the order is affirmed without costs.

Memorandum: Respondents appeal from an order denying respondent mother's motion pursuant to Family Court Act § 1061 and CPLR 5015 (a) (2) and (3) to vacate various prior orders that limited her reunification and contact with the subject children, including a June 10, 2013 order modifying a permanency planning goal, a 2012 order suspending her parenting time with the subject children, and an October 27, 2010 order issued upon an application for temporary removal of the children. She also sought to vacate an August 30, 2012 order finding that respondent father abused and derivatively neglected the subject children. We note at the outset that the father is not an aggrieved party and therefore lacks standing to appeal inasmuch as he did not formally join in the mother's motion to vacate (*see Matter of Abraham S.*, 291 AD2d 452, 452; *Matter of George O.*, 115 Misc 2d 782, 783 n 2). Thus, his appeal must be dismissed (*see* CPLR 5511; *Matter of Cooper v Cooper*, 74 AD3d 1868, 1868-1869).

Contrary to the mother's contention, we conclude that Family Court did not abuse its discretion in denying her motion without a

hearing (*see Matter of Carrie F. v David PP.*, 34 AD3d 1108, 1109). The mother failed to make an " 'evidentiary showing sufficient to warrant a hearing' " on the issue of good cause to vacate the prior orders (*Matter of Melissa FF.*, 285 AD2d 682, 684; *see Matter of Kole HH. [Thomas HH.]*, 84 AD3d 1518, 1519; *Matter of Cadejah AA.*, 34 AD3d 1141, 1142). Indeed, her motion is based on a single, misinterpreted phrase in the September 2, 2011 progress note.

To the extent that the mother purports to appeal directly from the 2012 order suspending her parenting time with the subject children, contending that her due process rights were violated by that order, we note that her contention is not properly before us inasmuch as she failed to take a timely appeal from that order (*see* Family Ct Act § 1113).

We do not consider the mother's contention that the father's due process rights were violated and thus that the court should have granted that part of her motion seeking to vacate the order finding that he abused and derivatively neglected the subject children. "[I]t is well established that third parties may not assert the alleged violations of another's constitutional rights" (*Matter of Harriet II. v Alex LL.*, 292 AD2d 92, 95; *see Forward v Webster Cent. Sch. Dist.*, 136 AD2d 277, 280, *appeal dismissed* 72 NY2d 908, *reconsideration denied* 73 NY2d 740). We note in any event that the mother raises that contention for the first time on appeal and thus failed to preserve it for our review (*see Matter of Emerald L.C. [David C.]*, 101 AD3d 1679, 1680; *Matter of York v Zullich*, 89 AD3d 1447, 1448).

Finally, we reject the mother's contention that she is entitled to vacatur of the orders pursuant to CPLR 5015 (a) (2) and (3). Although the Attorney for the Children correctly notes that the mother failed to include those provisions as a ground for relief in her notice of motion, we disregard this technical deficiency inasmuch as she included those grounds for relief in her attorney's supporting affirmation (*see* CPLR 2001; *Matter of LiMandri*, 171 AD2d 747, 747). In any event, the mother is not entitled to relief pursuant to CPLR 5015 (a) (2). She failed to show that the September 2, 2011 progress note was not disclosed during discovery in the underlying abuse and neglect proceeding against father, and thus the evidence was not newly discovered (*see Matter of Mark D. v Marion M.*, 12 AD3d 1082, 1083; *Kerner v Kerner* [appeal No. 5], 262 AD2d 1082, 1082, *lv dismissed in part and denied in part* 94 NY2d 873). Additionally, the progress note "would not likely have produced a different result" in light of the evidence that the father sexually abused one of the subject children (*Matter of Latasha M.*, 205 AD2d 457, 457). The mother is not entitled to relief pursuant to CPLR 5015 (a) (3) because she "failed to meet [her] burden of establishing the existence of fraud, misrepresentation or other misconduct of an adverse party" (*Matter of Shere L. v Odell H.*, 303 AD2d 1023, 1024; *see Rappold v Wagner* [appeal No. 4], 244 AD2d 856, 856).

Entered: July 2, 2015                          Frances E. Cafarell
                                               Clerk of the Court