■ In the Matter of Mahmuda U., Appellant, v Mohammed S.I., Respondent. [26 NYS3d 688]—

Order, Family Court, New York County (Monica Shulman, Ref.), entered on or about September 12, 2014, which dismissed petitioner's motion to vacate a two-year consent order of protection that had been issued in her favor against respondent and to set the matter down for a hearing on the allegations in her family offense petition, unanimously affirmed, without costs.

The Referee properly dismissed petitioner's motion to vacate the order of protection, because petitioner did not show good cause for such relief (*see* Family Ct Act §§ 841 [d]; 844). Petitioner, as movant, had the burden of establishing that her consent to the order of protection was not knowing and/or voluntary, in that it was given due to "fraud, collusion, mistake, accident, or some other similar ground" (*Matter of Nori-Alyce Y. v Mark Y.*, 100 AD3d 1116, 1117 [3d Dept 2012]; *see also Matter of Gabriella R. [Mindyn S.]*, 68 AD3d 1487 [3d Dept 2009], *lv dismissed* 14 NY3d 812 [2010]). However, she acknowledged that she had told her counsel that she was not impaired and consented to the order of protection on the day it was entered, and her subsequent claims that her judgment was impaired due to medication and the extreme stress of being in the courtroom with respondent are insufficient to warrant vacating the consent order of protection. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.