Matter of DeAngelo B.-K. (Tia K.) (2021 NY Slip Op 02903)





Matter of DeAngelo B.-K. (Tia K.)


2021 NY Slip Op 02903


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


237 CAF 20-00355

[*1]IN THE MATTER OF DEANGELO B.-K. AND JAMELLE B.-K. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TIA K., RESPONDENT, AND GREGGORY L., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
DONALD S. THOMSON, BATH, FOR PETITIONER-RESPONDENT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered January 3, 2020 in a proceeding pursuant to Family Court Act article 10. The order denied the motion of respondent Greggory L. to vacate a prior order finding that he had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals in appeal No. 1 from an order of Family Court denying that part of his motion seeking to vacate a prior order of fact-finding and disposition, entered upon his consent, determining, inter alia, that the father neglected two of his wife's children. In appeal No. 2, the father appeals from an order of the same court denying that part of his motion seeking to vacate a prior order of fact-finding and disposition, also entered upon his consent, determining, inter alia, that he neglected his two biological children. In each appeal, the father contends that the court erred in denying the motion inasmuch as he was not adequately warned of the potential consequences of his consent to the neglect findings as required by Family Court Act § 1051 (f). The father failed to assert that ground in support of his motion to vacate the prior orders, and the issue thus is not properly before us (see Matter of Nicole KK., 46 AD3d 1267, 1268 [3d Dept 2007]). We decline to reach that issue in the interest of justice. We have reviewed the father's remaining
contentions and conclude that they are without merit.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court