Matter of Williams v Panzarino (2024 NY Slip Op 02060)

Matter of Williams v Panzarino

2024 NY Slip Op 02060

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-08971
2021-08972
2021-08973
2022-03017
 (Docket Nos. V-4277-13/21M/21N/21R/21S, V-9249-18/21D/21E/21H/21I)

[*1]In the Matter of John A. Williams III, appellant,
v
Brittany Panzarino, respondent.

Michael J. Miller, Miller Place, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Emily M. Olshansky, Southold, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from three orders of the Family Court, Suffolk County (Paul M. Hensley, J.), all dated October 29, 2021, and an order of the same court (Alfred C. Graf, J.) dated April 6, 2022. The first order dated October 29, 2021, denied those branches of the father's motions which were pursuant to CPLR 3211(a)(7) to dismiss the mother's petition to modify the parties' so-ordered stipulation dated March 20, 2019, and denied the father's petitions, inter alia, to vacate an order of the same court (Paul M. Hensley, J.) dated April 20, 2021, entered upon consent, awarding the maternal grandfather temporary legal and physical custody of the parties' child. The second order dated October 29, 2021, dismissed the father's petitions, among other things, to vacate the order dated April 20, 2021, without prejudice. The third order dated October 29, 2021, directed the parties to appear for a conference on November 12, 2021. The order dated April 6, 2022, insofar as appealed from, dismissed, without prejudice, the father's petitions to modify the parties' so-ordered stipulation dated March 20, 2019, for failure to prosecute.
ORDERED that the appeals from the first and third orders dated October 29, 2021, are dismissed, without costs or disbursements; and it is further,
ORDERED that the second order dated October 29, 2021, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated April 6, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The appeal from so much of the first order dated October 29, 2021, as denied those branches of the father's motions which were pursuant to CPLR 3211(a)(7) to dismiss the mother's [*2]petition to modify the parties' so-ordered stipulation dated March 20, 2019, must be dismissed, as that portion of the order is nondispositional and leave to appeal has not been granted (see Family Ct Act § 1112). The appeal from so much of the first order dated October 29, 2021, as denied the father's petitions, inter alia, to vacate an order dated April 20, 2021, entered upon consent, is dismissed, as that portion of the order was superseded by the second order dated October 29, 2021, which dismissed those petitions without prejudice. The appeal from the third order dated October 29, 2021, directing the parties to appear for a conference on November 12, 2021, is dismissed as it is a nondispositional order and leave to appeal has not been granted (see id.), and in any event, the appeal from that order is academic.
The parties are the unmarried parents of one child, born in 2011. They have engaged in protracted custody and parental access litigation since 2016. As is pertinent to these appeals, pursuant to a so-ordered stipulation of settlement dated March 20, 2019, the parties agreed that the father would have sole legal and physical custody of the child, with certain parental access to the mother (hereinafter the March 2019 stipulation). The March 2019 stipulation indicated that the mother was residing in California and provided that, should the parties not be able to reach an agreement as to future parental access, the mother could file a modification petition. Thereafter, the parties both petitioned to modify the March 2019 stipulation. In April 2021, after interviewing the parties, the child, and a representative from Children and Family Services, the attorney for the child filed an emergency order to show cause seeking to place the child with a suitable relative. After a fact-finding hearing, in an order dated April 20, 2021, entered upon consent, the maternal grandfather was awarded temporary legal and physical custody of the child in California pending further order of the court (hereinafter the April 2021 consent order).
The father subsequently filed petitions seeking, inter alia, to vacate the April 2021 consent order. In an order dated October 29, 2021, the Family Court dismissed those petitions, without prejudice.
Thereafter, the mother made an application pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter the UCCJEA), for a determination that jurisdiction over the issue of custody of the child would be vested in the California courts, as the child had been living in California with the maternal grandfather for almost one year. The Family Court granted the mother's application. The court then issued an order dated April 6, 2022, dismissing the father's petitions to modify the March 2019 stipulation, without prejudice, for failure to prosecute.
Here, the record establishes that, pursuant to the April 2021 consent order, the father knowingly, voluntarily, and intelligently consented to the maternal grandfather being awarded temporary legal and physical custody of the child pending further order of the court (see Matter of Mahmuda U. v Mohammed S.I., 137 AD3d 534; Adams v Fellingham, 52 AD3d 443).
Contrary to the father's contentions, the Family Court, in the order dated April 6, 2022, properly dismissed the father's petitions to modify the March 2019 stipulation for failure to prosecute (see Matter of Jeffry H. v Crystal E., 103 AD3d 896; Matter of McEwen v Donnie R.O., 192 AD2d 708). The record reveals that on March 30, 2022, the date scheduled for the trial on those petitions to begin, the father's attorney sought an adjournment after the trial date previously had been adjourned three times. Moreover, the father's attorney sought to be relieved without providing any exigent or compelling circumstances for the request (see People v Arroyave, 49 NY2d 264; Greenberg v Greenberg, 144 AD3d 625). On this record, we cannot conclude that the court improvidently exercised its discretion in dismissing those petitions without prejudice.
Contrary to the father's contention, the record establishes that he was afforded "meaningful representation" (Matter of Saini v Singh 132 AD3d 686; Matter of Alfred C., 237 AD2d 517).
The father's contention that the Family Court erred in granting the mother's [*3]application pursuant to the UCCJEA for the California courts to assume jurisdiction over the custody of the child is not properly before this Court (see Charalabidis v Elnagar, 188 AD3d 44, 52).
The father's remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court