Matter of Maria S.D. (Jose S.) (2025 NY Slip Op 00908)

Matter of Maria S.D. (Jose S.)

2025 NY Slip Op 00908

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Docket No. N3936/23 Appeal No. 3708 Case No. 2024-02180 

[*1]In the Matter of Maria S.D., A Child Under Eighteen Years of Age, etc., Jose S. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Adreina D. Nonparty-Respondent.

Bruce A. Young, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for Administration for Children's services, respondent.
Larry S. Bachner, New York, for Adreina D., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order, Family Court, Bronx County (Lauren T. Broderick, J.), entered on or about March 1, 2024, which, to the extent appealed from as limited by the briefs, denied respondent father's motion to vacate an order of fact-finding of neglect, unanimously affirmed, without costs.
The court entered a finding of neglect against the father on his consent, without an admission (Family Court Act § 1051 [a]), after informing him that his consent would result in the court making a fact-finding order of neglect and of the potential consequences of such order, as required by Family Court Act § 1051 (f). Neither the father nor his attorney advised the court that the father had a hearing impairment. After discharging his retained counsel and being assigned counsel, the father moved to vacate the finding of neglect for good cause under Family Court Act § 1061, claiming that he was unable to hear the proceedings due to a hearing impairment and that he received ineffective assistance of counsel.
The court providently denied the motion without a hearing, as a review of the record supports the conclusion that the father consented to entry of the neglect order. The court conducted a full allocution, stopping at various points to answer the father's questions and make sure that he had heard and understood, thus ensuring that the father knowingly was waiving his right to contest the allegations on which the neglect petition was based and that he had discussed all issues with his attorney (see Matter of Gabriella R. [Mindyn S.], 68 AD3d 1487, 1488 [3d Dept 2009], lv dismissed 14 NY3d 812 [2010]).
Even if, as the father contends, there were issues with the audio during virtual hearings, when the father expressed that he could not hear, the court obligingly repeated, spoke slower, and rephrased until the father indicated that he had heard and understood. Nor does the father's medical documentation, first submitted to the court at its request after the conclusion of the proceedings, change these facts. Nor can the court be faulted for failing to accommodate a hearing impairment under the Americans with Disabilities Act when the court was unaware of the issue (see Kadanoff v Kadanoff, 46 AD3d 626, 627 [2d Dept 2007]).
To the extent the father now claims that the court's allocution was inadequate and failed to provide mandated notice under Family Court Act § 1051 (f), this issue, raised for the first time on appeal, is unpreserved (see Matter of Nicole KK., 46 AD3d 1267, 1268 [3d Dept 2007]). In any event, the court conducted a full allocution covering all the points required by the statute (see Matter of Gabriella R. [Mindyn S.], 68 AD3d at 1488).
The father did not raise an issue as to whether his retained counsel provided ineffective assistance of counsel (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020], lv denied 35 NY3d 911 [2020]). Ineffectiveness cannot be inferred from the attorney counseling him to consent to settling the petition and [*2]there is no showing of actual prejudice, given that the court fully explained the terms of the settlement (see Matter of Aaron Tyrell W., 58 AD3d 419, 420 [1st Dept 2009]; Matter of Nasir H., 251 AD2d 1010, 1010 [4th Dept 1998], lv denied 92 NY2d 809 [1998]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025