■ In the Matter of NATHAN PP., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY QQ. et al., Respondents. NORBERT HIGGINS, as Law Guardian, Appellant. [668 NYS2d 79] —Crew III, J. Appeal from an amended order of the Family Court of Broome County (Hester, Jr., J.), entered November 1, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to, *inter alia*, adjudicate Nathan PP. a neglected child.

Petitioner commenced this proceeding in November 1995 alleging that Nathan PP. (born in 1982) and his half-sister (born in 1979) had been neglected by respondent Tammy RR., their biological mother, and respondent Jeffrey QQ., their stepfather. Specifically, it was alleged that Nathan's half-sister had been sexually abused by the stepfather, that the mother had failed to intervene and prevent such abuse and, further, that the mother had used drugs with Nathan. At the conclusion of the fact-finding hearing that followed, Family Court adjudicated Nathan's half-sister to be a sexually abused child as to the stepfather and a neglected child as to the mother and adjudicated Nathan to be a neglected child as to both respondents. Following a dispositional hearing, Family Court placed Nathan in petitioner's custody for a period of 12 months, ending August 29, 1997, and denied the Law Guardian's motion for visitation between Nathan and the stepfather, who at that time apparently was incarcerated in a State correctional facility. This appeal by the Law Guardian ensued.

We affirm. As a starting point, we reject the Law Guardian's assertion that the record as a whole fails to support the finding of neglect. It is well settled that "proof of the abuse or neglect of one child [is] admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046 [a] [i]; *see*, *Matter of Jennifer Q.*, 235 AD2d 827, 828). Here, Family Court fully credited the in camera testimony offered by Nathan's half-sister and such testimony, coupled with evidence of the mother's drug use with Nathan, amply supports the court's determination that Nathan was a neglected child.

As to Family Court's decision to place Nathan in petitioner's custody for a period of 12 months, we note that such placement apparently has expired and, hence, the propriety of the court's disposition is moot. Were we to address this issue, however, we would conclude that Family Court's disposition was supported

by the record as a whole. The Law Guardian's remaining contentions, including his assertion that Family Court demonstrated bias and prejudged this matter, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended order is affirmed, without costs.