■ In the Matter of KEVIN C., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; PEGGY C., Respondent. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of DEVINEN C., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; PEGGY C., Respondent. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of SHAQUANA C., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; PEGGY C., Respondent. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) In the Matter of TESHANA C., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; PEGGY C., Respondent. MONICA DRINANE, Nonparty Appellant. (Proceed-

ing No. 4.) [734 NYS2d 452] —In four related child neglect proceedings pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by her brief, from so much of a dispositional order of the Family Court, Kings County (Staton, J.), dated April 18, 2000, as, upon four fact-finding orders of the same court (one as to each child), all dated March 1, 2000, released the children to the custody of the mother under the supervision of the Administration for Children's Services of the City of New York for a period of one year.

Ordered that the dispositional order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The fashioning of an appropriate dispositional order is ordinarily a matter of discretion for the Family Court and such an order will be reversed where it lacks "sound and substantial basis in the testimony" or is "opposed to everything presented to the court" (Matter of Darlene T., 28 NY2d 391, 395 [internal quotation marks omitted]). The record supports the Family Court's conclusion that the respondent has demonstrated her ability to cooperate with the Administration for Children's Services (hereinafter the ACS) and to care for her children and her home when properly instructed. Accordingly, since there is no proof that the respondent is unfit to assume the duties and privileges of parenthood, the Family Court properly directed the release of the children to the custody of the mother under the supervision of the ACS for one year (see, Matter of Michael B., 80 NY2d 299, 309).

However, in view of the length of time that has transpired since the dispositional order appealed from and the issuance of the order of this Court, and in light of the particular circumstances of this case, the matter is remitted to the Family Court for further proceedings and a new dispositional order, if appropriate, based on the circumstances. Bracken, P. J., Altman, Goldstein and McGinity, JJ., concur.