■ In the Matter of JULIA R., an Infant. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STACEE L., Appellant, et al., Respondent. [860 NYS2d 362]—

Appeal from an order of the Family Court, Orleans County (James P. Punch, J.), entered April 30, 2007 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Stacee L. had neglected her child and placed the child in the care and custody of petitioner for a period of one year.

It is hereby ordered that said appeal from the order insofar as it concerned placement is unanimously dismissed and the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudicated her child to be neglected and placed the

child in the care and custody of petitioner. Under the circumstances of this case, we reject the mother's contention that the error of Family Court in failing to comply with the procedural requirements set forth in Family Court Act § 1033-b (1) (b) warrants reversal (*see Matter of Shawndalaya II.*, 31 AD3d 823, 825 [2006], *lv denied* 7 NY3d 714 [2006]; *Matter of Stephanie A.*, 224 AD2d 1027, 1028 [1996], *lv denied* 88 NY2d 814 [1996]). The record establishes that the mother did not move to withdraw her consent to the entry of "an order of fact-finding [of neglect] without admission," and we thus further conclude that she is precluded from challenging the court's acceptance of her consent on the ground that the court failed to give the warnings required by Family Court Act § 1051 (f) (*see Matter of Nasir H.*, 251 AD2d 1010 [1998], *lv denied* 92 NY2d 809 [1998]). Further, the record does not support the contention of the mother that her consent to the entry of the order of fact-finding was the result of duress (*see Matter of Andresha G.*, 251 AD2d 1005 [1998]; *see also Matter of Cadejah AA.*, 25 AD3d 1027, 1028 [2006], *lv denied* 7 NY3d 705 [2006]). Finally, we dismiss as moot the mother's appeal from that part of the order placing the child in the care and custody of petitioner for a period of one year because that one-year placement has expired (*see Matter of Amber C.*, 38 AD3d 538, 539 [2007], *lv denied* 8 NY3d 816 [2007]; *Matter of Abbi M.*, 37 AD3d 1084 [2007]). Present— Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.