■ In the Matter of JUNE MM., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA MM., Appellant. (Proceeding No. 1.) In the Matter of JUNE MM., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERNON MM., Appellant. (Proceeding No. 2.) [879 NYS2d 633]—

Malone Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered February 4, 2008, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

In June 2007, only days after the subject child was born, petitioner filed two petitions alleging that respondent Tina MM. (hereinafter the mother) and respondent Vernon MM. (hereinafter the father) had neglected the child, and the child was removed from their care. At a hearing on the petitions, respondents withdrew their requests for a hearing pursuant to Family Ct Act § 1028 and consented to the continued placement of the child in foster care. Family Court also issued, among other things, orders of protection against both respondents, which they allegedly subsequently violated.

Ultimately, respondents each agreed to settle the neglect petitions against them in exchange for the dismissal of the violation petitions. Pursuant to the settlement agreement, the mother was found to have neglected the child after she admitted to the allegations in the petition, and the father consented to a finding of neglect without making any specific admissions. After a dispositional hearing, Family Court determined that it was in the child's best interest to continue placement with the foster parents. Respondents now appeal.*

Initially, because the finding of neglect entered against the father was entered with his consent and he failed to make a timely application in Family Court to vacate that order, his present challenge to that finding is not properly before us (*see Matter of Brittany T.*, 48 AD3d 995, 997 [2008]; *Matter of Elijah Q.*, 36 AD3d 974, 975 [2007], *lv denied* 8 NY3d 809 [2007]). His contention that his consent was coerced is not supported by the record, nor is it problematic that he gave his consent without making specific admissions (*see* Family Ct Act § 1051 [f]; *see also Matter of Julia R.*, 52 AD3d 1310, 1311 [2008], *lv denied* 11 NY3d 709 [2008]).

As for the mother, although she admitted to a previous finding of permanent neglect with respect to her older child, such finding is too remote in time to reasonably conclude that the conditions leading to that finding continued to exist (*see Matter of Natasha RR.*, 27 AD3d 788, 789 [2006]; *compare Matter of Evelyn B.*, 30 AD3d 913 [2006], *lv denied* 7 NY3d 713 [2006]). However, the instant finding of neglect is nonetheless supported by a preponderance of the evidence. Specifically, the mother admitted to the allegations of neglect in the petition, including that she engaged in numerous physical altercations with the father and was arrested for violating orders of protection against

---

* Contrary to the Law Guardian's contentions, we find the joint notice of appeal to be sufficient with respect to the mother, notwithstanding any alleged defects in form (*see* CPLR 5520 [c]; *Matter of Eisner v Eisner*, 44 AD3d 1111, 1113 n [2007], *lv denied* 9 NY3d 816 [2007]).

the father—and then pleaded guilty to those violations—all while pregnant with the subject child, thereby creating a substantial risk of harm to the child. These admissions are sufficient to sustain Family Court's finding of neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Leo UU.*, 288 AD2d 711, 712-713 [2001], *lv denied* 97 NY2d 609 [2002]; *see also Matter of Nasir H.*, 251 AD2d 1010 [1998], *lv denied* 92 NY2d 809 [1998]).

Finally, the father's challenge to the order of disposition is moot as that order expired in July 2008 by its own terms (*see Matter of Andrew MM.*, 24 AD3d 1116, 1116 [2005]; *Matter of Nathan PP.*, 246 AD2d 835, 835 [1998], *lv denied* 91 NY2d 813 [1998]). The parties' remaining contentions, including their claims of ineffective assistance of counsel, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.