■ In the Matter of ANTON AA., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIRA D., Appellant, et al., Respondent. [937 NYS2d 399]—

Peters, J.P.

Family Court considered a combination of circumstances which, taken together, establish by a preponderance of the evidence that the child's well-being was in imminent danger of being impaired (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Evidence was presented that respondent is developmentally disabled and suffers from a mental illness for which she was prescribed, but was not taking, medication. Following the child's birth, respondent was the subject of a founded report of child maltreatment filed with the State Central Register of Child Abuse and Maltreatment. In that regard, one of petitioner's caseworkers testified that respondent, who had been living in a motel during the weeks prior to and immediately following the child's birth, failed to secure adequate shelter for the child and had not obtained any winter clothing for this newborn infant. Respondent was subsequently ejected from the motel and, at the time of the fact-finding hearing, was living at a campground.

Furthermore, respondent had been previously found to have neglected her first child based on her failure to protect the then-one-month-old infant from her then-boyfriend's abusive conduct, which resulted in the child suffering a broken femur. Respondent thereafter failed to attend or was otherwise uncooperative with the numerous services, including parenting counseling, provided to assist with the issues that led to that child's removal. Contrary to respondent's contention, this prior incident of neglect was relevant to the instant proceeding since it evinced a continuing pattern of impaired judgment with respect to her choice of paramours (*cf. Matter of Chelsea M.*, 61 AD3d 1030, 1032 [2009]). With respect to her current relationship, ample evidence was presented of the ongoing domestic violence between respondent and the child's putative father

during the year prior to the child's birth, including incidents that took place while respondent was pregnant and placed the child at a substantial risk of harm (*see Matter of June MM.*, 62 AD3d 1216, 1217-1218 [2009], *lv denied* 13 NY3d 704 [2009]). One such altercation—which occurred just two months prior to the child's birth—culminated in the putative father grabbing the pregnant respondent by the neck, throwing her down and physically assaulting her. Respondent's statements to police concerning his conduct resulted in his arrest. Nevertheless, respondent remained involved with the child's father, denied during the fact-finding hearing that he was violent towards her during the incident and otherwise attempted to minimize his conduct. "The totality of the evidence in this record provides a sound basis for Family Court's finding that the prospect of harm to this newborn child was not a mere speculative possibility, but rather a serious and imminent risk" (*Matter of Brandon OO.*, 289 AD2d 721, 722 [2001]; *see Matter of June MM.*, 62 AD3d at 1218).

Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.