# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**780**
**CAF 11-01673**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

IN THE MATTER OF VIOLETTE K.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SHEILA E.K., RESPONDENT-APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (CRAIG A. PATRICK OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH, FOR VIOLETTE K.

-----------------------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), entered July 27, 2011 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the custody of petitioner.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order, entered upon her consent without admission, in which Family Court, inter alia, placed the subject child in petitioner's custody upon a finding that the mother neglected the child. The appeal must be dismissed. A party may not appeal from an order entered upon that party's consent (*see Matter of Selena O.*, 84 AD3d 1648; *Matter of Bambi C.*, 238 AD2d 942, 942-943, *lv denied* 90 NY2d 805). Moreover, because the mother never moved to withdraw her consent to the entry of an order of fact-finding of neglect without admission, her contention that her consent was not knowing, voluntary and intelligent is also not properly before us (*see Matter of Julia R.*, 52 AD3d 1310, 1311, *lv denied* 11 NY3d 709; *cf. Matter of Gabriella R.*, 68 AD3d 1487, 1487, *lv dismissed* 14 NY3d 812).

We reject the mother's further contention that her attorney was ineffective in failing to move to withdraw her consent to the entry of the neglect order. The mother "neither alleged nor demonstrated that [she] was actually prejudiced by any of counsel's shortcomings. [Her] contention that counsel was ineffective 'is impermissibly based on speculation' " (*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17

NY3d 704).