# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**327**
**CAF 13-01091**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MARTHA S. AND MARY S.
------------------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

LINDA M.S., RESPONDENT-APPELLANT.

---

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

PAULA A. CAMPBELL, BATAVIA, FOR PETITIONER-RESPONDENT.

PAUL B. WATKINS, ATTORNEY FOR THE CHILDREN, FAIRPORT.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 20, 2013 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, found that respondent had neglected the subject children and placed the children in the custody of petitioner.

It is hereby ORDERED that the appeal insofar as it concerns the finding of neglect is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, found that the mother had neglected the subject children and placed the children in the custody of petitioner. The mother's challenge to the underlying neglect finding "is not reviewable on appeal because it was premised on [the mother's] admission of neglect and thereby made in an order entered on consent of the parties" (*Matter of Carmella J.*, 254 AD2d 70, 70; *see Matter of Violette K. [Sheila E.K.]*, 96 AD3d 1499, 1499; *Matter of June MM.*, 62 AD3d 1216, 1217, *lv denied* 13 NY3d 704). Because the mother never moved to vacate the neglect finding or to withdraw her consent to the order, her contention that her consent was not knowing, voluntary and intelligent is also not properly before us (*see* Family Ct Act § 1051 [f]; *Violette K.*, 96 AD3d at 1499; *June MM.*, 62 AD3d at 1217; *cf. Matter of Gabriella R.*, 68 AD3d 1487, 1487). The mother's challenge to Family Court's removal of the children from her home pending a final order of disposition "has been rendered moot by the court's subsequent . . . dispositional order" (*Matter of Joseph E.K. [Lithia K.]*, 118 AD3d 1324, 1324; *see Matter of Anthony C. [Juan C.]*, 99 AD3d 798, 799; *Matter of Mary YY. [Albert YY.]*, 98 AD3d 1198, 1198).

To the extent that the mother challenges the dispositional order, it is well established that "[t]he fashioning of an appropriate dispositional order is ordinarily a matter of discretion for . . . Family Court and such an order will be reversed [only] where it lacks [a] 'sound and substantial basis in the [record]' " (*Matter of Kevin C.*, 288 AD2d 311, 312; *see Matter of Stefani C.*, 61 AD3d 681, 681). Here, we conclude that " '[t]he dispositional order . . . reflect[s] a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and [is] supported by a sound and substantial basis in the record' " (*Matter of Elijah Q.*, 36 AD3d 974, 976, *lv denied* 8 NY3d 809; *see Matter of Gloria DD. [Brenda DD.]*, 99 AD3d 1044, 1045-1046; *Matter of Alexis AA. [John AA.]*, 97 AD3d 927, 929-930).

Frances E. Cafarell

Entered:  March 27, 2015

Clerk of the Court