Matter of Daniel K. (Mildred K.--Roger K.) (2018 NY Slip Op 07857)





Matter of Daniel K. (Mildred K.--Roger K.)


2018 NY Slip Op 07857


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1083 CAF 17-00862

[*1]IN THE MATTER OF DANIEL K., JOSEPH K., WALTER K., JR., AND WYATT K. 
ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MILDRED K., RESPONDENT, AND ROGER K., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 31, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Roger K. had neglected Daniel K. and derivatively neglected the other three children. 
It is hereby ORDERED that said appeal insofar as it concerns the finding of neglect is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, found that he neglected Daniel K. and derivatively neglected the other three children, and placed them in the custody of petitioner. The father contends that Family Court erred in its finding of derivative neglect. That contention, however, "is not reviewable on appeal because it was premised on [his] admission of neglect and thereby made in an order entered on consent of the parties" (Matter of Jenessa L.M. [Shawn C.P.], 160 AD3d 1434, 1435 [4th Dept 2018]). Furthermore, we note that, to the extent the father contends that he did not consent to the finding of derivative neglect, his contention is not properly before us inasmuch as he raises it for the first time on appeal (cf. Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1284 [4th Dept 2011]). To the extent that the father contends that any purported consent to the finding of derivative neglect was not knowing, voluntary, and intelligent, we note that he did not move to vacate his admission to having derivatively neglected the subject children, and thus that contention is also not properly before us (see Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]; Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]; Matter of Julia R., 52 AD3d 1310, 1311 [4th Dept 2008], lv denied 11 NY3d 709 [2008]).
The father's contention that the Attorney for the Children (AFC) was ineffective is not preserved for our review because the father failed to make a motion seeking the AFC's removal (see Matter of Mason v Mason, 103 AD3d 1207, 1208 [4th Dept 2013]). Moreover, the father's contention that the AFC was ineffective because she substituted her judgment for that of the children is "based on matters outside the record and is not properly before us" (Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016]; see Matter of Gridley v Syrko, 50 AD3d 1560, 1561 [4th Dept 2008]; Matter of Harry P. v Cindy W., 48 AD3d 1100, 1100 [4th Dept 2008]). According to the Rules of the Chief Judge, an AFC "must zealously advocate the child's [*2]position" and, "[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]). There is, however, minimal evidence in the record here regarding the AFC's interactions with the subject children, and no evidence with respect to whether the AFC ignored their wishes.
We reject the father's further contention that the court erred in determining that it was in the best interests of Joseph K. and Wyatt K. to continue their placement in petitioner's custody. We conclude that the court's determination to that effect " reflect[s] a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and [is] supported by a sound and substantial basis in the record' " (Martha S., 126 AD3d at 1497). We have considered the father's remaining contentions and conclude that they are without merit.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court