Matter of Eva'Lyn F. (Lyndsey M.) (2024 NY Slip Op 04668)

Matter of Eva'Lyn F. (Lyndsey M.)

2024 NY Slip Op 04668

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

580 CAF 22-01976

[*1]IN THE MATTER OF EVA'LYN F. CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LYNDSEY M., AND EVAN F., RESPONDENTS-APPELLANTS.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT LYNDSEY M.
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT EVAN F.
LISA A. BOWMAN, PINEHURST, NORTH CAROLINA, FOR PETITIONER-RESPONDENT. 
CYNTHIA B. BRENNAN, AUBURN, ATTORNEY FOR THE CHILD. 

 Appeals from an order of the Family Court, Cayuga County (Jon E. Budelmann, A.J.), entered November 10, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother and respondent father each appeal from an order that, inter alia, determined that they had abandoned the subject child and terminated their parental rights with respect to that child. We affirm.
The mother and the father each contend that they were denied procedural due process because Family Court failed to advise them, in both the instant proceeding and the underlying Family Court Act article 10 derivative neglect proceeding, of their rights pursuant to, inter alia, Family Court Act § 1033-b (1) (b) and (d). Contrary to the contentions of the mother and the father, the court's failure to strictly comply with the notice requirements set forth in Family Court Act article 10 does not require reversal here inasmuch as the mother and the father—who were each served with both the petition in the derivative neglect proceeding and the petition in this proceeding and who were represented at all times by appointed counsel—"suffered no prejudice as [a] result" of any failure by the court (Matter of Stephanie A., 224 AD2d 1027, 1028 [4th Dept 1996], lv denied 88 NY2d 814 [1996]; see Matter of Julia R., 52 AD3d 1310, 1311 [4th Dept 2008], lv denied 11 NY3d 709 [2008]; Matter of Shawndalaya II., 31 AD3d 823, 825 [3d Dept 2006], lv denied 7 NY3d 714 [2006]).
We also reject the mother's contention that petitioner failed to establish that it made reasonable efforts to reunite her with the subject child or that she intended to forgo her parental rights during the period in which she had no contact with the child or petitioner. "In the abandonment context, 'the court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent to perform the acts specified in' " Social Services Law § 384-b (5) (a) (Matter of Gabrielle HH., 1 NY3d 549, 550 [2003], quoting
§ 384-b [5] [b]; see Matter of Najuan W. [Stephon W.], 184 AD3d 1111, 1112 [4th Dept 2020]). "For the purposes of [that] section, a child is 'abandoned' by [their] parent if such parent evinces an intent to [forgo their] parental rights and obligations as manifested by [their] failure to visit the child and communicate with the child or agency, although able to do so and not prevented or [*2]discouraged from doing so by the agency" (§ 384-b [5] [a]). "In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed" (id.), and the burden shifts to the parent "to establish that circumstances existed that prevented [the parent's] contact with the child or agency or that the agency discouraged such contact" (Najuan W., 184 AD3d at 1112; see Matter of Madelynn T. [Rebecca M.], 148 AD3d 1784, 1785 [4th Dept 2017]). Here, petitioner established that the mother failed to maintain contact for the statutory period, and the mother "failed to demonstrate that 'there were circumstances rendering contact with the child or [petitioner] infeasible, or that [she] was discouraged from doing so by [petitioner]' " (Matter of Armani W. [Adifah W.], 167 AD3d 1569, 1570 [4th Dept 2018]; see Matter of Annette B., 4 NY3d 509, 514 [2005], rearg denied 5 NY3d 783 [2005]).
We have reviewed the remaining contentions of the mother and the father and conclude that they lack merit.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court