■ In the Matter of AARON TYRELL W. and Others, Infants. RUTH B., Appellant; FAMILY SUPPORT SERVICES UNLIMITED et al., Respondents. [870 NYS2d 301]—

Orders of disposition, Family Court, Bronx County (Allen Alpert, J.), entered on or about October 23, 2006, which terminated respondent mother's parental rights to the subject children upon a fact-finding determination of her mental retardation, and committing the children's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

While respondent displays adequate adaptive skills in many areas, there is clear and convincing evidence that she is unable, at present and for the foreseeable future, to provide proper and adequate care for the subject children by reason of her mental retardation (*see* Social Services Law § 384-b [4] [c]; [6] [b]; *Matter of Leomia Louise C.*, 41 AD3d 249 [2007]).

Respondent's claim that the court erred in not holding a dispositional hearing is unpreserved. Were we to review it, we would find such a hearing unnecessary in finding termination of parental rights to be in the best interests of the children (*Matter of Antonio V.*, 268 AD2d 341, 342 [2000], *lv denied* 95 NY2d 751 [2000]), despite their bond with their mother, given her inability to care for them (*see Matter of Joyce T.*, 65 NY2d 39, 49-50 [1985]).

Respondent is not entitled to a new hearing based on ineffective assistance of counsel, as she failed to demonstrate actual prejudice and deprivation of meaningful representation by reason of counsel's deficiency (*see Matter of James P.*, 17 AD3d 733 [2005]). Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.