■ In the Matter of LAQUA'SHA RENEE G. and Others, Children Alleged to be Neglected. SHEILA RENEE M., Appellant; LITTLE FLOWER CHILDREN AND FAMILY SERVICES, Respondent. [943 NYS2d 47]—

Orders of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 4, 2011, which, upon fact-finding determinations of permanent neglect and abandonment, terminated respondent mother's parental rights to the subject children and committed the children's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence established that the children were permanently neglected within the meaning of Social Services Law § 384-b (7) (a). Despite petitioner's diligent efforts to strengthen and encourage the parent-child relationship by, among other things, formulating a service plan, scheduling visits with the children, and referring respondent to various programs and courses, respondent failed to complete drug treatment and parenting skills programs or to attend individual counseling, failed to follow through with any of the referrals made, and continually failed to attend meetings and scheduled visitation at the agency (*see Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [2011]). Moreover, notwithstanding the fact that respondent spoke with the children via telephone on a regular basis, her failure, during the six months immediately prior to the filing of the petitions, to visit the children or maintain contact with the agency, although she was able to do so and was not prevented or discouraged from doing so by the agency, gave rise to a presumption of abandonment that respondent did not rebut (*see* Social Services Law § 384-b [5] [a]; *Matter of Chaka F.*, 220 AD2d 310 [1995]).

A preponderance of the evidence showed that the best interests of the children would be served by terminating respondent's parental rights so as to facilitate their adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Respondent's frequency of contact with the children has

decreased and she still has not completed any of the remedial programs required by the service plan. Meanwhile, the eldest child has since aged out of foster care, and the younger children, now in their teens, have been in a loving and stable home for nearly four years, and they and their foster mother share the mutual desire that they be adopted. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.