■ In the Matter of Alexis C. and Another, Children Alleged to be Permanently Neglected. Jacqueline A., Appellant; Graham-Windham Services to Families and Children, Respondent. [952 NYS2d 175]—

The court providently exercised its discretion in denying the mother's request for an adjournment to review the case record. The mother's counsel received the case record well in advance of the fact-finding hearing and was familiar with it from prior proceedings (*see Matter of Breeana R.W. [Antigone W.]*, 89 AD3d 577, 578 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). In any event, any error was harmless, as the mother does not identify any particular progress notes that were improperly admitted or prejudicial. Nor has the mother demonstrated that she was deprived of meaningful representation and suffered actual prejudice as a result of her counsel's alleged deficiencies (*Matter of Aaron Tyrell W.*, 58 AD3d 419, 420 [1st Dept 2009]).

Clear and convincing evidence supports the court's findings that the mother had permanently neglected the subject children within the meaning of Social Services Law § 384-b (7) (a) (*see* § 384-b [3] [g] [i]). Indeed, despite petitioner agency's diligent efforts to encourage and strengthen the parent-child relationship by, among other things, scheduling visitation and referring the mother to various programs (*see Matter of Sheila G.*, 61 NY2d 368, 384 [1984]), the mother failed to comply with mental health services and failed to address the issues that interfered

with her ability to care for the children (*see Matter of Laqua'sha Renee G. [Sheila Renee M.]*, 94 AD3d 625, 625 [1st Dept 2012]). The court properly relied on past findings of neglect and could draw a negative inference from the mother's failure to testify (*see Matter of Devante S.*, 51 AD3d 482 [1st Dept 2008]).

The appeals from the dispositional portion of the orders have been rendered moot by the adoption of the children by their respective foster parents. Were we to review those parts of the orders, we would find that a preponderance of the evidence supports the court's findings that it is in the children's best interests to terminate the mother's parental rights and free them for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.