Matter of Crisnell F. (Fermin V.--Dennis V.) (2019 NY Slip Op 03907)





Matter of Crisnell F. (Fermin V.--Dennis V.)


2019 NY Slip Op 03907


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9348A 9348

[*1] In re Crisnell F., and Others, Children Under Eighteen Years of Age, etc., Fermin V., Respondent, Dennis V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children Crisnell F., Michelle F. and Hansel F.
Aleza Ross, Patchogue, attorney for the child Jade V.



Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about July 3, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 27, 2018, which found that respondent stepfather sexually abused the subject child, Crisnell F., and derivatively neglected the subject children, Michelle F., Hansel F. and Jade V., unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the court's determination that the stepfather sexually abused his stepdaughter Crisnell F. and derivatively neglected the remaining children in the home (see Family Court Act §§ 1012[e][iii]; 1046[b][i]). Crisnell's out-of-court statements were sufficiently corroborated by the testimony of her mother, which was consistent with that of agency caseworker, to whom the child had described the abuse, as well as hospital records, and the stepfather's direct admission to the mother that he had in fact committed sexual abuse (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]; Matter of Christina G. [Vladmir G.], 100 AD3d 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). There exists no basis to disturb the court's credibility determinations (Matter of Irene O., 38 NY2d 776, 777 [1975]).
Contrary to the stepfather's argument, improperly raised for the first time on appeal, the record fails to demonstrate that his counsel, who actively participated in the case on his behalf, was ineffective (see Matter of Aaron Tyrell W., 58 AD3d 419 [1st
Dept 2009]).
We have considered the stepfather's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK